OPINION of the Court, by
Ch. J. Boyle.
Crockett, being marshal of the United States for the district of Kentucky, appointed M’Vay his deputy, and the latter, together with the other plaintiffs in error, his securities, executed a bond to Crockett, conditioned “ that M’Vay should account for all monies collected as deputy aforesaid, and in all his other official actings so act as to keep the said Crockett entirely clear, free and indemnified.”.
Upon this bond Crockett brought suit against M’-Vay and his sureties, and alleged breaches of the condition in the failure of M’Vay to pay money which he had collected upon executions to the plaintiffs therein named, and in his failure to return sundry other executions* put into his hands for collection. Interlocutory judgment was taken by default, and for the damages assessed by the jury upon a writ of inquiry, a final *197 judgment was given ; to reverse which this writ of error is prosecuted. .
Covenant or deron!fy againit a debt or duty al^a?? In'u'* keñ " without /»⅛ brought a-i52in(^th^c°-duty! But where thc cdon!ll"°nas Td" bt or duty which v^o suit ⅛ * breach of the ^aik-Tgi —V. Vmer, condition, (Z. a, 2 ) 173— Broughton's cafe V. Coke, 24,
*197 . The only error assigned is, that the breaches alleged in the condition of the bond declared oh are not sufficient to maintain the action, or to warrant the judgment for the defendant in error.
That the breach alleged in the failure of M’Vay to pay the money collected by him on executions to the plaintiffs therein named, is sufficient, cannot admit of a reasonable doubt. The condition to account for money so collected, is in effect a stipulation to pay it to those entitled to receive it; and a failure to pay it is a plain breach of the condition. But with respect to the breaches alleged in the failure of M’Vay to make return of the executions put into his hands, there is more room for doubt. The failure to return the executions is clearly not a breach of the stipulation to account for the money collected by M’Vay; but it is contended that it is a breach of the stipulation that he (M’Vay) Would “ in all his other official actings so act as to keep the said Crockett entirely dear, free and indemnified.”
That such failure is a breach of duty, and that Crockett would consequently be liable to an action therefor upon his official bond, are propositions too evident to admit of controversy.
The question then is, whether a liability to be sued gave to Crockett, before he was in fact sued, a right of action against M Vay and his sureties ?
The authorities are abundant to prove that where there is a condition or covenant to indemnify against a debt or duty already incurred and payable, the condition or covenant is not broken, unless suit be brought for ,the debt or duty. But it is expressly laid down that where the condition or covenant is to indemnify against an obligation, and the obligation becomes forfeited, whereby the obligee is liable to be sued, the condition or covenant is broken — See 2 Com. Dig. 110, and the cases there cited. The distinction, therefore, seems to be between a covenant or condition to indemnify against a debt or duty which has already incurred, and a covenant or condition to indemnify against a debt or duty which may accrue in future. In the former case, the covenant or condition is not broken without suit; but in the latter case a mere liability to suit is a breach *198 of the covenant or condition. This distinction is probably founded upon the presumed intention of the parties. Where one is already liable to suit, it would be absurd to suppose that the parties to a contract to indemnify meant to guard against or prevent such liability ; but where there has at the time of entering into the contract been no liability incurred, there is room to presume that it was the intention of the parties to prevent such liability; nor does such a presumption involve any inconsistency or absurdity. The terms of the condition of the bond in this case are peculiarly strong and emphatic, and if in any case a presumption can arise from a contract to indemnify, that it was the intention of the parties to guard against a liability, such a presumption ought to be indulged in the present case.
We are therefore of opinion that the breaches alleged, ⅛ the condition of the bond are sufficient.
Judgment affirmed with costs.

 Thefe executions were fpecififd in the alignment of breaches.