Chief Justice Bibb
delivered the Opinion of the Court.
In Oct. 1820, Hanna sued Rudd in covenant, upon an obligation executed to Hanna by Rudd, on the 23d November, 1818, to indemnify Hanna, as the security for Palmer in bonds for keeping the prison bounds, at the suit of various creditors, at whose instance Palmer was then in custody: and upon other covenants in the obligation of Rudd.
The declaration sufficiently sets forth the covenants, the breaches are well assigned, and the declaration contains a good cause of action. Some criticisms were raised against the declaration, which need not be noticed. The decision in the case of McVay &c. vs. Crockett, and the citations there given, sufficiently repel the objections to the breaches assigned.
The defendant Rudd pleaded that the said Palmer, bad broken the bounds before the execution of the covenant sued on, and that the plaintiff know it; to this the plaintiff demurred, and the court sustained the demurrer.
The judgment against this plea was correctly given. The covenant sued, admits that Palmer was then in the bounds at the suit of his creditors, and the doclaration substantially ayers an after breach *529 and escape from the prison rules. The plea attempted to contradict and deny the truth of a fact which by the obligation Rudd was estopped to deny. It does not attempt to make a case of fraud to avoid the deed; nor even aver that Rudd was ignorant of the fact; nor does it aver when that previous breach or the bounds was, nor plead it so as to amount to an escape on the part of Palmer, contrary to the condition of the bonds for the prison bounds, in the obligation of Rudd described, in which Hanna stood bound as Palmer’s security. The time is indefinite, and does not apply to these bonds for the prison rules. The plea would be true, although that breach was committed against the condition of other bonds for the rules and before the date of those in which Hanna was bound as Palmer’s surety. The fact as pleaded, can neither avoid the obligation, nor the breaches assigned.
Pleas of covenants performed, and no consideration.
If the instrument offered in evidence as that refered to in the writing oligatory declared upon, be identified, it may be read, and its recital will be evidence.
The defendant pleaded, covenants performed, and also that the covenant was executed without any consideration, to these please, the plaintiff replied and took issue to the country.
On the. trial, the plaintiff gave in evidence the bonds executed by Palmer and himself as surety, referred to in the covenant of indemnity, proved the after escape and prison breach by Palmer, and gave, in evidence the records of the suits and judgments had on those bends against Hanna. The defendant Rudd, objected to those bonds, being submitted to the jury as evidence, because the records and judgments on which those prison bounds bonds purported to be founded, were not likewise produced, to verify the authority of the jailor to take them.
The court overruled the objection.
As the plaintiff had identified the bonds produced in evidence as the bonds referred to in the covenant, the defendant had no right to require of the plaintiff, any other or farther proof that those bonds were lawfully held by the jailor, than the covenant itself. The recognition of those bonds in the covenant, the production and identification of them as being those described and referred to in the cove *530 nant, was sufficient evidence of their legal effect and binding authority, without the aid of the judgments and executions upon which they had been entered into, by Palmer the principal and Hanna as surety.
The condition of a bond to indemnify the surety in a prison bounds bond, is broken on the departure of the prisoner from the rules, and surety may then pay the creditor without suit and maintain his action.
Instructions given by the court, and excepted to by Rudd.
*530 The debt due Higgins the creditor, at whose suit Palmer was in custody, and for which Hanna had become responsible by the bond of Palmer and himself as surety for the bounds to Passmore the jailor, was paid by Hanna, without suit, after he became liable by the escape of Palmer. This payment and debt being proved, the evidence thereof was objected to by Rudd; but the court admitted the evidence.
This objection was founded on the hypothesis that a payment without suit, was not a sufficient charge against Rudd by Hanna, unless paid under a compromise, and that compromise for time between six and eighteen months, as specified in the authority in the covenant to make compromises, with an express guarranty, by Rudd to Hanna, in said covenant, that he, Rudd, would meet the payments:— whereas, Higgins’s debt was paid by Hanna, after his liability by Palmer’s escape, and receipted for by Higgins on the 8th Dec. 1818.
The error of the objection, consists in not perceiving that as the bond of indemnity to Hanna, was executed against future responsibilities, in case of Palmer’s breach of the bounds, when such after breach was committed, so that Hanna became liable to suit on the bond for the bounds, and responsible for that debt; he was not of necessity to wait until he was sued, before he paid the debt, in order to claim it under his bond of indemnity. A liability created by the act of Palmer in breaking the news, and the payment by Hanna to Higgins, was proper evidence to charge Rudd on his bond to indemnify Hanna, as settled in Crockett ads. Lewis &c. 3 Bibb, 196.
The defendant excepted to the opinion of the court in these instructions to the jury.
No consideration to an action on a deed, is a good plea under the statute-.
-The onus probandi of the issue on such plea, is on the defendant.
On the trial of issue on a plea of no consideration the plaintiff shall not prove a transaction after the deed made to maintain it.
*531 "That some consideration was necessary to be given to the defendant, by Hanna or Palmer, at the time of executing the covenant, to authorize ry to find for plaintiff, and that the covenant was prima facie evidence of itself of a consideration; if the jury believed from the evidence that there was any consideration given to the defendant at the time of executing said bond, or if they believed that the defendant induced Palmer to break the bounds so as to subject Hanna to some inconvenience, that the law was for the plaintiff. But if they believed from the evidence there was no consideration given for executing said bond, or Rudd did not induce Palmer to break the prison bounds, the law was for the defendant. To which opinion of the court in instructing the jury that the covenant was prima facie evidence against the defendant of a consideration; and that if Rudd induced Palmer to break the hounds after the execution of said covenant, the defendant excepts.”
As early as 1814, in the case of Ralston and Sebastian vs Bullitt, 3 Bibb, 261, the plea of no consideration to an obligation, was judged permissible, under the statute authorizing the defendant by a special plea to impeach or go into the consideration of such bond in the same manner as if said writing had not been sealed.” That decision has been followed in many cases. It has become a rule of contracts, the known and long standing doctrine of pleading, so settled that we do not feel ourselves at liberty to overturn it. The plea of no consideration was in issue here.
It is equally well settled, that under such plea, the burthen of proof lies upon the defendant who pleads it. The bond or covenant is prima facie evidence of a consideration; and that member of the instruction complained of by defendant was right.
But as to the other member, “that if Rudd induced Palmer to break the bounds after the execution of the covenant, so as to subject Hanna to some inconvenience;” the law was for the defendant, it does not seem tobe warranted in law. Although *532 the jury believed there was no consideration, yet, if they believed Rudd induced Rainier to break the bounds, they were instructed to find for plaintiff. An after-act by Rudd, inducing Palmer to break the bounds, is by the instruction, substituted for a consideration. We do not think such after-act can in law be pronounced to be a consideration for a preexisting obligation; nor authorize an action on it, if such writing before the act, was not binding between the parties; however proper such after act may have been for the jury to consider, in searching for and explaining the inducements which prevailed with Rudd to execute the covenant.-For this error the judgment must be reversed on the appeal of Rudd.
Before-existing consideration will maintain a deed or parol contract, as well as one passing at the time.
Loss or injury to the obligee is a sufficient consideration without benefit to defendant.
Error complained of by Hanna in the instructions against him and in overruling his motion for a new trial, held to be well assigned.
*532 Before we dismiss this instruction, it is proper, to prevent future embarassment on the trial below, to correct another error. The instruction "that some consideration was necessary to be given to the defendant by Hanna or Palmer at the time of executing the covenant,” restrained the inquiry as to the consideration within a range much too limited. A pre existing consideration, was as good in law,, as one given at the time. The common form of declaring in assumpsit, laying the promise in consideration of goods before that time sold and delivered, will serve to explain that a consideration to be given at the time of the promise or undertaking is not necessary. So a promise in consideration of a debt so old as to be barred by the statute of limitations, is yet a good consideration in law, to uphold the promise, so of any pre existing moral duty.
Again, that “some consideration was necessary to be given to the defendant,” is too limited. Loss or injury to result to the plaintiff, would be a consideration in law. as well as a benefit resulting to the defendant, if arising or to be incurred by the transaction.
Upon the writ of error by Hanna, against Rudd, the errors are well assigned. The plaintiff, according to the evidence, was apparently entitled to a verdict for a larger sum than that found by the ju *533 ry; and a new trial ought to have been awarded on the motion of the plaintiff, for that cause, as well as because of the error in the instruction to the jury, "that some consideration was necessary to be given to the defendant, by Hanna or Palmer at the time of executing the covenant, to authorize a verdict for the plaintiff. The error of this instruction is before remarked; it was to the prejudice of the plaintiff.
Judgment—.
Costs.
Mayes and Monroe for Rudd; Crittenden for Hanna.
It is therefore considered by the court, in these cross causes, upon appeal, and upon writ of error, that the judgment be reversed, the verdict set aside, and the cause remanded to the court below, for a venire facias de novo.
And it is farther considered that the parties recover their costs in this court, in their respective suits.