# Robertson *et al. vs* Morgan's Adminis-trators.

COVENANT.

ERROR TO THE WASHINGTON CIRCUIT.

*Bond of indemnity.    Measure of damages.*

Case 84.

CHIEF JUSTICE EWING delivered the opinion of the Court.

April 20.

ROBERTSON, the deputy of Morgan, late Sheriff, was in default, in failing to pay over to a creditor money collected upon an execution. Judgment was recovered against Morgan and his sureties on his official bond, and the money coerced from the sureties, Morgan having failed. His administrators brought this suit against the deputy and his sureties, on his bond of indemnity to Morgan, and the question is, can the administrators recover.

The case stated.

It has been determined by this Court, that though a covenant or condition to indemnify against a debt or duty *already incurred*, is not broken without *suit brought* against the covenantee, yet when the covenant is to indemnify against a debt or duty, which *may accrue* in future, a *liability to suit* is a breach: *Lewis* vs *Crockett,* (3 *Bibb,* 197.)

If Morgan's right of action did not depend upon the institution of suit against him, much less can it be made to depend upon *his* payment of the money to the creditor. A *liability* to suit entitled him to his action; and he is made liable to suit by the default of the deputy. Having a right of action, he or his administrator may recover, not only for the injury incurred but for that which may accrue, to the extent at least of the whole amount of defalcation. And if the debt is not paid by the deputy, and the Sheriff or his sureties shall be subjected to costs and damages by suit, the whole amount which he or they may be made to pay may be recovered by him from his deputy and his sureties, as incidental to and produced by the default of the deputy, and that too whether the same is paid by the principal or his sureties.

When a covenant is made to *indemnify* against a debt or duty which may accrue in future, a *liability to suit* is a breach, and the recovery may be to the extent of the debt or duty to which the indemnity applies.

ROBERTSON *et al.*
    *vs*
MORGAN'S AD'S.

This view of the deputy's liability renders it unnecessary to examine the pleas critically, to which demurrers have been sustained. They are all based upon the idea that the deputy is not liable, either before suit brought against the principal, or before judgment recovered, or before the money is paid by him to the creditor, and any of them, from the view taken of the liability of the deputy, it will be seen, is not a bar to the plaintiff's action.

Judgment affirmed with costs and damages.

*Harlan & Craddock* for plaintiffs: *McHenry* for defendants.

## PETITION FOR A RE-HEARING,
### By Messrs. Harlan & Craddock.

*May 5.*

THE counsel for the plaintiffs in error respectfully ask the Court for a re-hearing of this case.

The facts contained in the record, as we understand them, are briefly those: Morgan was commissioned Sheriff of Washington county, and executed bond for the faithful discharge of the duties of the office, with Coalter and others as his sureties. Robertson, one of the plaintiffs in error, was qualified as a deputy, and executed bond with the other plaintiffs as his sureties, for the faithful performance of the duties of deputy Sheriff, and to save his principal harmless; that an execution in favor of *Cunningham* vs *Smith* was placed in the hands of Robertson for collection; that he collected the money due thereon, but failed to pay it to the plaintiff in the execution—and thereupon, the latter instituted an action against Morgan and his sureties, and recovered a judgment for the sum thus collected by Robertson. Execution issued, and Morgan being insolvent, his sureties paid the money. Morgan died, and administration of his estate was granted to the defendants in error, who instituted this action against Robertson and his sureties, to recover the amount paid by the *sureties* of Morgan, for the default of Robertson, and obtained a judgment, which this Court, by its opinion, has affirmed.

We do not deny that the failure of Robertson to pay the money collected on the execution, was a breach of

the condition of his bond of indemnity to Morgan, but we insist that the subsequent payment of it by the sureties of Morgan furnished no ground for a suit, either to Morgan in his lifetime or to his representatives since his death, to recover more than nominal damages. Morgan died insolvent, without having paid or securing the payment to his sureties of the money which they had been compelled to pay for him.

We think the case in 3 *Bibb*, 197, referred to in the opinion in this case, sustains the position for which we contend. In that case, McVay having failed to perform faithfully the duties of deputy Marshal, the Court say he and his sureties were liable to be sued on the bond of indemnity given to Crockett, the principal Marshal, but it is no where intimated in that opinion, that more than nominal damages could be recovered without proof of the actual payment of the money.

We understand the principle contained in the opinion delivered in this case to be this: that if one person become bound as the surety of another for the payment of money or the performance of any duty, and there is a failure on the part of the principal, the surety, *because of his liability to be sued*, may institute his action forthwith, against his principal, and recover full damages. If this principle be correct, a surety in a bond for the payment of money has a cause of action against his principal the day after the bond becomes due, and the right to recover the full amount which should have been paid by the principal, without the previous payment of one cent by the surety.                    HARLAN & CRADDOCK.

RESPONSE,

By Chief Justice Ewing.

THE condition of the bond in this case is, "that the deputy shall well and truly perform *all the duties* of deputy Sheriff for said Morgan, Sheriff of Washington county, in *all things appertaining and belonging to said office* of deputy Sheriff, and shall *save* said Morgan *harmless* in any and every particular." One of his duties as deputy was to' pay over to the creditor money collected upon

*Margin notes:*

ROBERTSON *et al.* *vs* MORGAN'S AD'S.

*May* 18.

The administrators of a Sheriff, where the sureties of the intestate have been compelled to pay money for the default of the deputy, may sustain an action on the bond of the' de-

puty, which covenants to perform all the duties of deputy Sheriff and save the principal harmless.

execution, and his failure to do so was a direct violation of the condition of his bond, and subjected him forthwith to an action by his principal, for the breach. Shall he be subjected to nominal damages only, or to an amount in damages equal to the amount of his defalcation? If to the former, then will the principal's cause of action be merged for this breach and he cannot again sue for the same, though afterwards he might be made to pay the money to the creditor, and be sacrificed in its collection. So that, by the principle contended for by the counsel, he must either wait to be sacrificed himself before he should sue, or be subjected to the entire loss of his indemnity beyond a nominal amount.

We think that the case referred to in 3 *Bibb*, sustains the principle settled in this. The jury in that case assessed damages not merely nominal, but equal, it may be presumed, to the amount which the debtor had failed to pay to the creditor. And the Court, after sustaining the right of action, affirmed the judgment for the amount.

But this is a much stronger case than that; for in this the Sheriff had not only been made liable to suit by the default of his deputy, but had been sued and the whole amount of his defalcation coerced from his sureties; and because they paid it, and he could not, being unable to do so, he is to be denied the right to recover more than nominal damages. If this be so, then it will be the interest of deputies, by the enormity of their defalcations, to break their principals, as by this means they will be enabled to escape from further liability on their bonds of indemnity. For if the principal sues he cannot recover more than nominal damages, and his sureties cannot sue, as they are not obligees in the bond, nor is there any privity of contract between them and the deputy. He is rendered liable to his sureties for the amount they have paid for him, and that liability has been produced by the deputy's direct violation of his covenant, and as the means to indemnify them, the principal or his administrator has a right to recover the whole amount from the deputy, and it does not lie in his mouth to say that the amount has not been paid by his principal. If even a payment of the amount could be regarded as a pre-requisite to his

right of recovery, the payment by his sureties might be deemed a payment by himself.

There is no analogy between the case put by the counsel, of principal and surety, and the case before the Court. A surety undertakes, directly and jointly with his principal, to pay the debt, and holds no *covenant* on his principal to indemnify him against liability to suit, If he is compelled to pay the debt, his remedy is an equitable remedy, to be refunded the amount which he has paid for the use of his principal, and never arises until he has paid it, and thereby discharged his principal from liability to pay it. Here is a *direct covenant* to pay a third party and to indemnify his principal, who, with his sureties, is alone liable to that party for the sum not paid. The breach is committed by a failure to pay, and the principal has a right to sue. Shall he not be allowed to recover an amount sufficient to pay the debt to the third party, to whom he and his sureties alone are liable, and the deputy is not? And the more especially after the debt has been paid by the sureties, and he has thereby been subjected to a second liability, namely, a liability to them? If he cannot, by reason of his insolvency and inability to pay them, then may he be kept always insolvent and unable to indemnify them.

We cannot sanction a doctrine so unjust and revolting in its consequences.

The petition for a re-hearing is, therefore, overruled.