## Spaulding *vs* Scanland.

DETINUE.

ERROR TO THE MARION CIRCUIT.

*Case* 66.

*Mortgagor.    Mortgagee.*

JUDGE BRECK delivered the opinion of the Court.

*April 5.*

The case stated.

ON the 2nd April, 1842, Joel Vaughan mortgaged to John Spaulding, the plaintiff in error, several horses, to indemnify him as the security for Vaughan, in a note to Elias Mudd for $41 77, due on the 2nd of April, 1843. In September, 1843, Spaulding brought this action of detinue against Scanland, for one of the horses embraced in the mortgage. The testimony adduced by the plaintiff conduced to establish the identity of the horse; that he was in the possession of the defendant at the institution of the suit, who claimed him by purchase from an individual who had obtained him from Vaughan. The Court, upon this state of case, on motion of the defendant, instructed the jury to find as in case of a non suit, and the jury found accordingly.

Spaulding has brought the case before this Court, and whether the Court below was right in the peremptory instruction given to the jury, is the only question for consideration. Whether Spaulding was entitled to the possession of the mortgaged property, at the institution of his suit, is, we think, the only inquiry necessary for the solution of the question. Had the object of the mortgage been to secure the payment of a debt, or of the note to Spaulding, he would unquestionably have been entitled to the possession upon the forfeiture of the mortgage, or when the debt became due and remained unpaid. This principle has been repeatedly recognized in the decisions of this Court. Between that case and this, after forfeiture, we can discern no material difference. The mortgage in this case is somewhat analagous to a bond of indemnity against a future contingent liability. The doctrine in that case is, that a right of action upon such bond accrues to the obligee whenever the contingency

A mortgagee of property, mortgaged to him to indemnify him as surety for the mortgagor, may maintain detinue for the property on debt becoming due and mortgagor failing to pay.

GARTON'S H'RS.
*vs*
BATES.

happens, and he himself becomes liable to an action. This Court so decided in *Lewis* vs *Crockett*, (3 *Bibb*, 197,) and the same principle is recognized in *Robertson, &c.* vs *Morgan's administrator*, (3 *B. Monroe*, 307.) The note to Mudd being due and unpaid, there was, in effect, a forfeiture of the mortgage, and Spaulding was, therefore, entitled to possession and to this action. In thus deciding, we do not intend to be understood as intimating an opinion whether the action would or not lie, at any time, after the execution of the mortgage.

The judgment must be reversed and the cause remanded, that a new trial may be awarded and further proceedings had consistent with this opinion.

*Rountree* for plaintiff: *Shuck* for defendant.