MARY HANCE, APPELLANT, *vs.* THE STATE.

In a presentation for assault and battery, it is competent for the defendant, both at common law and under the statute of this State, conferring upon the jury the right to fix the measure of punishment within certain limits, to give in evidence his general good character, although the same may not have been assailed by the prosecution.

This case was decided at Tallahassee.

For the facts of the case reference is made to the opinion of the Court.

*D. P. Holland* for Appellant.

*M. D. Papy*, Attorney General, for the State.

PEARSON, J., delivered the opinion of the Court.

The Appellant was convicted at the last term of the Circuit Court for Franklin County, of an assault and battery upon one Mary Allender, and her punishment assessed by

the jury at six months imprisonment, upon which conviction, judgment and sentence was accordingly pronounced. The prisoner appeals, and the only error assigned is, that upon the trial, her counsel offered to give evidence of her general good character, although her character had not been impeached by the prosecution, which the court would not permit to be introduced.

This is a question which, it appears to us, is conclusively settled, as well by reason and precedent, as by the necessary policy and effect of our Statute, (Thompson's Dig. p. 490,) placing the measure of punishment in such cases at the discretion of the jury who tries the case. Mr. Starkie, in his well considered and long approved work on Evidence, (2 vol. 4 Ed. p. 363,) considers that evidence of character is admissible on three grounds—" 1st. To afford *a presumption* that a particular party has or has not been guilty of a particular act. 2nd. To affect the *damages* in particular cases where their amount depends upon the character and conduct of any individual, and 3rdly. To impeach or confirm the veracity of a witness." Upon the first and second principles here stated, it would seem the evidence offered and rejected in this case, should have been admitted. It is true that the presumption derived from character is throughout the authorities held of little avail except in cases of doubt. But the objection goes rather to the value of the evidence it affords of the perpetration or pretermission of a particular act, than to its admissibility. The objection, in other words, it will be found, is to the force and weight of a presumption arising from character, and not to the competency of such testimony.

The general rule is, that the testimony shall be confined to the issue ; and in the very nature of things, why should not the moral character and conduct of a person in society

8

tend more or less, according to the circumstances of the case, to establish the result? Such is the case in social life. In many cases it must be potential, while in others it can have but little weight, as when opposed to full proof. Archbold in his Criminal Pleading, (5 Am. Ed. p. 134,) in summing up on this subject, says :

" These several cases, when fully considered, will be found to be not exceptions to, but illustrations of the rule above mentioned, namely, that nothing shall be given in evidence which does not tend directly to the proof or disproof of the matter in issue." * * * * " As to the evidence of the defendant's character, it can be of avail only in doubtful cases. Where the probabilities of the defendant's guilt on one side, and the probabilities of his innocence on the other, are nearly equal, satisfactory testimony of his general good character for honesty or humanity, may have the effect of raising a well founded presumption, in the minds of the jurors, that a man of such character could not have been guilty of the larceny or violence imputed, and in this sense it may be deemed evidence tending to the disproof of the matter in issue." And to the same effect, as far as we have examined, is the doctrine laid down in all the leading elementary writers on criminal law. But the question here seems to be not so much whether character is admissible in a criminal prosecution, but which party shall have the privilege of first introducing it. We had regarded the practice as settled in at least so far as to allow the defendant his election of taking the hazard of putting his character in direct issue, by introducing testimony in relation to it. And if the reason for the principle just stated be sound, upon which this description of evidence is admitted, such practice is manifestly consistent therewith. To hold the defendant's right of introducing his character in evidence, to rebut the probabilities of proofs arrayed against him, or

to extenuate a discretionary punishment, subject to the option of the prosecution, by first putting that character in issue, would be in effect to deprive him of the right altogether, for no good character would ever be assailed by the prosecution, and no bad character ever introduced by the defendant. The general rule laid down is, that the party who has to maintain the affirmative of the issue shall begin. Here the defendant offers his good character in evidence under the general issue. And in Archbold's Practice of the King's Bench, vol. 1, p. 169, it is expressly declared, " Where a special defence is intended to be given in evidence, under the general issue, the party shall begin who would have been entitled to do so if the defence had been specially pleaded."—4 T. R. 497; 3 Camp. 368. Hence it is clear upon principle and authority, that the defendant in this case had not only the right to introduce evidence of her general good character, but to begin with the proof. This doctrine is sustained in Starkie on Ev., 2 vol., 364, and a case put similar to the present. " Where the indictment charges upon the defendant any violence committed against the person of an individual, or against the public peace, evidence may be adduced by him of his general character for humanity and peaceable conduct." See also Arch. Crim. Prac. and Plea., 1 vol., p. 165, citing 2 Mass. Rep. 317, 3 Bibb, 196, 7 Conn. Rep. 118, and also Wharton's Amer. Crim. Law, 171, to the same effect. In the State vs. O'Neal, 7th Iredell, 251, approving the case of the State vs. Collins, 3 Dev. 117, and overruling the case of Vane, 12 Wend. 78—82, the foregoing doctrine is fully sustained.

There is one other point made in some of the authorities on this question, which perhaps deserves a passing consideration. It is this—that character should only be admitted in evidence in case of doubt. This record does not

inform us whether there was room for doubt in regard to the defendant's guilt or innocence, nor could any record do so. It is the province of a record to state the *facts and incidents* of the trial, as entered on the minutes, and not to certify doubts. Who is to determine the question, whether there be or be not doubts in the minds of the jury, until their verdict is rendered? And to clothe the court with this power of raising doubts upon the effects of evidence, for the purpose of admitting or rejecting testimony, is to allow it to invade the appropriate sphere of the jury in the determination of facts, and thereby lose its character and exclusive function of determining only the law.

But it appears to us that if it were matter of doubt as to the principle at common law, of the defendant's right to adduce his character in his defence, there can be none under our statute above cited, empowering the jury to determine the measure of punishment within the Statutory limits. It has ever been the practice of the courts to admit evidence in mitigation of damages and in extenuation of punishment, where the court was clothed with a discretion in regard to the punishment. Twice this discretion has been transferred by our statute to the jury. It follows that its incidents must go with it; for it is manifest such discretion cannot be wisely and beneficially exercised without the aid of such testimony.

The judgment below must be reversed and a new trial granted.