CASE 47—PETITION ORDINARY—SEPTEMBER 15.

# Brown vs. Phillips.

### APPEAL FROM MERCER CIRCUIT COURT.

1. The mortgagee of personal property, after the condition of the mortgage is broken, may take possession of the mortgaged property, if he can peaceably get it, as authorized by the common law, which right has never been repealed by any statute. (*Swigert & Shreve vs. Thomas*, 7 *Dana*, 226.)

2. After a mortgage debt becomes due, and remaining unpaid, the mortgagee may maintain detinue to obtain possession of the mortgaged property. This common law right of possession of personal property, after forfeiture of the condition of the mortgage, remains now unmodified by statutory provisions. (*Spalding vs. Scanland*, 4 *B. Mon.*, 365.)

3. A mortgagee of personal property, who peaceably takes possession of it before the forfeiture of the conditions of the mortgage, in an action therefor against him for damages in the nature of trespass, is liable to the mortgagor for the value of the right of possession until the forfeiture of the condition of the mortgage, and the remaining interest, after the payment of the mortgaged debt. Whether the action be for the property, or for the taking of it, the mortgagee may plead his claim, under the mortgage, as a counter claim, under section 126, Civil Code, and, on the prayer of the mortgagee, the property

should be sold, before any damages are awarded against him, on account of the mortgagor's remaining interest in the property, as authorized by section 10, Civil Code.

4.　A set-off can only be allowed to a suit upon a contract, and growing out of a contract, as provided in section 128, Civil Code.

J. B. & P. B. THOMPSON and

P. B. THOMPSON, SR.,　　　　　　　　　　For Appellant,

CITED—

*Civil Code, sec.* 128.

.5 *B. Mon.*, 391; *Graves vs. Sayre.*

4 *B. Mon.*, 365; *Spalding vs. Scanland.*

3 *Dana,* 204; *Snyder vs. Hiatt.*

1 *Dana,* 279.

C. A. HARDIN,　　　　　　　　　　　For Appellee,

CITED—

*Civil Code, sec.* 128.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

November 11, 1865, James H. Phillips, having purchased a mare, on ten months' time, for one hundred dollars, G. W. Brown became his surety to Jackson Vanarsdale for the purchase price, and took from Phillips a writing which, in effect, mortgages the mare and two thirds of his then sown crop of wheat to secure this payment, which was neither witnessed nor recorded.

In March following, Brown peaceably, but without Phillips' consent, took possession of the mare, and continued to hold her, when, June 11, 1866, Phillips sued him in the nature of an action of trespass therefor.

November 6, 1867, Brown put in two separate defenses, beside the general traverse of the cause of action.　One was an off-set of one hundred dollars for money paid to Vanarsdale as plaintiff's security.　The other was founded upon the mortgage, averring that Phillips had failed and refused to pay the debt when it fell due, and

that the defendant had been compelled to discharge it; also, that he had converted the crop of wheat to his own use, by all of which the mortgage had been forfeited. He also prayed that the mare be sold in discharge of the mortgage and for judgment on his debt, &c.

The Court sustained a demurrer to each, to which exceptions were entered.

After admitting the note and mortgage given for the mare as evidence on the part of Brown, the court, on plaintiff's motion, withdrew these from the jury, to which exception was taken.

The jury having found a verdict for plaintiff for one hundred dollars, and the Court having refused to set it aside, Brown prosecutes this appeal. In *Swigert and Shreve vs. Thomas* (7 *Dana,* 226) this court held, that, on a mortgage of personal property, after condition broken, the mortgagee may take possession of the mortgage property, if he can peaceably get it, as authorized by the common law, which right has never been repealed by any statute. So in *Spalding vs. Scanland* (4 *B. Mon.,* 365), it was held, after the mortgage debt became due, and remaining unpaid, the mortgagee may maintain detinue to obtain possession of the mortgage property. This common law right of possession of personal property after forfeiture of the conditions, remains now unmodified by statutory provisions. But as Brown took from Phillips the possession of the mare before forfeiture of conditions, the latter had a technical right of action therefor. The measure of damages, however, is not, as erroneously stated by the court to the jury, the value of the mare and such exemplary damages as they might think Brown's conduct merited; for the title of the mare was in Brown, with only the right of possession in Phillips, until forfeiture and the reversionary interest after payment of the mortgage debt.

Therefore, as by the suit Phillips would invest Brown with his right, yet this was not the actual value and absolute property in the mare, but only the right of possession until forfeiture and the reversionary interest after payment of the mortgage debt.   Whether the cause of action be the mare, or the taking of her by Brown, yet the mortgage and his claim thereunder. is connected with it; and therefore, under section 126, Civil Code, he has a right to plead it as a counter-claim.   Beside, it is eminently proper that the mortgage be foreclosed, and the mare sold to satisfy it; and this should be done before any damages be awarded Phillips on account of his *reversionary interest*, and is fully authorized by section 10, Civil Code.

As the evidence tended strongly to establish the insufficiency of the mare to discharge the mortgage debt, the injustice of the rule, as announced by the court to the jury, becomes manifest.

The demurrer to the second paragraph of the defense was properly sustained, because a set-off can only be allowed to a suit upon a contract, and growing out of a contract, as provided in section 128, Civil Code.

But, for the errors suggested, the judgment is reversed, with directions for a new trial and further proceedings as herein indicated.