CASE 37—PETITION ORDINARY—APRIL 10.

# Arthurs v. Thompson.

### APPEAL FROM GREENUP CIRCUIT COURT.

**1. COUNTER-CLAIM AND SET-OFF.**—The fact that the defendant's pleading is improperly styled an "answer and counter-claim," instead of an "answer and set-off," does not deprive him of the right to such relief as he may show himself entitled to. And it was error in this case to strike out, on plaintiff's motion, so much of defendant's pleading as asserted a "counter-claim," although the items of indebtedness thus pleaded properly constituted a set-off and not a counter-claim.

**2. COUNTER-CLAIM.**—Claims which neither arise out of the transactions set forth in the petition nor have any connection with the subject of the action can not be pleaded as a counter-claim.

**3. SET-OFF.**—Although the claims asserted by defendant do not arise out of any express contract, yet as the facts alleged raise an implied promise to pay, the claims are properly pleadable as a set-off.

**4. APPELLATE JURISDICTION.**—While the amount for which judgment was rendered against appellant was insufficient to give this court jurisdiction, yet, as the items pleaded by him as a counter-claim exceeded the sum of one hundred dollars, this court has jurisdiction of the appeal.

B. F. BENNETT FOR APPELLANT.

1. The court erred in striking from appellant's answer the matters pleaded as a counter-claim. (Civil Code, sec. 96; *Idem*, sec. 113, sub-sec. 2; 7 Wait's Actions and Defenses, pp. 530-534; Murphy. v. Hubble, 2 Duv., 247-253; Tinsley v. Tinsley, 15 B. M., 454-461; Rooney v. Tierney, 82 Ky., .255.)

2. It was also error to strike from the record the amended answer and set-off. If the claim asserted did not possess the elements of a counter-claim, it certainly did possess the elements of a set-off. (Civil Code, sec. 96, sub-sec. 2; 7 Wait's Actions and Defenses, 532; Duncan v. Duncan, 2 Bibb, 584; Eversole v. Moore, 5 Bush, 49; Haddox v. Wilson, 3 Bush, 523; Hayes v. Goodwin, 4 Met., 80; Roebuck v. Tennis, 5 Mon., 83; Jenkins v. Richardson, 6 J. J. Mar., 441; Littell v. Shockley, 4 J. J. M., 246; Wake v. Bank of Commonwealth, 2 Dana, 394.)

BEN E. ROE FOR APPELLEE.

The matters pleaded by defendant did not constitute either a counter-claim or a set-off and were, therefore, properly stricken out. (Civil Code, sec. 96.)

JUDGE EASTIN DELIVERED THE OPINION OF THE COURT.

This action was brought by appellee on an open account for goods sold and delivered, and for money loaned to appellant. The latter filed a pleading in the court below, which was styled and denominated by the pleader as an "Answer and Counter-claim," in which he relied, in defense of the cause of the action set up in the petition, upon two or more alleged items of indebtedness which he claimed were due to him from appellee, and for which he asked judgment over against appellee.

A motion by counsel for appellee to strike out from that pleading certain designated parts, which embrace so much thereof as constitutes the so-called "counter-claim," was sustained by the court below, to which appellant excepted. At the same term of the court an amended pleading was filed by appellant styled "Amended Answer and Set-off," in which he pleaded in defense of the action and relied, by way of set-off, upon one of the same items of alleged indebtedness from appellee to him which he had undertaken to plead as a counter-claim in his original pleading, and which was about equal in amount to the sum sued for by appellee. A motion to strike this amended pleading from the record was sustained, to which appellant excepted, and, upon his declining to plead further, a judgment was rendered against him for the admitted amount of appellee's claim as set up in the petition, and, from the orders and judgment referred to, this appeal is prosecuted.

The only material question to be considered arises out

Arthurs v. Thompson.

of these orders of the court below striking out so much of
the original pleading filed by appellant as attempted to set
up a counter-claim, and striking from the record the amend-
ment which attempted to plead a set-off.

While neither of these pleadings is artistically or very
accurately drawn for the purpose for which it was intended,
and while it is clear that the items of defense set up in the
original pleading do not technically constitute proper sub-
jects of "counter-claim" in the action, for the reason that
they neither arise out of the transactions set forth in the
petition nor have any connection with the subject of the ac-
tion, yet they might, in our opinion, be properly pleaded as
a set-off against the demand set up in the petition.

It is true also that they do not arise out of any express
contract, but, if the facts alleged by appellant, as to the
overpayment, through ignorance and mistake, by the check
given to appellee, and as to the payment made to him, as
surety, on an obligation to appellee which was paid off and
fully discharged by the principal debtor, be true, then we
think the law would raise a promise on part of appellee
to repay these sums, and create at least an implied contract
to do so. This, in our opinion, would be sufficient to make
them available, under the provisions of the Code, as a set-
off.

Is the fact, then, that they were attempted to be pleaded
as a counter-claim, instead of a set-off, sufficient to justify
the action of the lower court, in striking out of appellant's
original pleading everything pertaining to these items? We
certainly think not. By sub-sec. 4, sec. 97, of the Civil Code,
it is provided, that, "a defendant shall not have judgment
upon a set-off or counterclaim, unless the caption of the an-
swer contain the words, answer and set-off, or the words,
answer and counterclaim; but a misdescription in the cap-

Arthurs v. Thompson.

tion of the nature of the defendant's claim shall not prevent him from having judgment," etc.

This court in the case of Cason v. Cason, 79 Ky. 558, in construing this section, has said that "the object of this provision is to apprise the adverse party that a claim is set up either in the nature of a set-off, or counter-claim, upon which a judgment is sought, and to prevent him from being misled by denominating the pleading an answer only."

In that case the pleading was simply styled, "Answer of defendant," but contained the allegations necessary to make a counter-claim, and it was held that the plaintiff, by joining issue upon the counter-claim, waived all objection to the defective style and caption of the pleading.

The purpose of the rule being, as we thus see, to convey to the plaintiff the information that the defendant is demanding relief over against him, by way of set-off or counter-claim, and the plaintiff, having himself furnished indisputable evidence of the fact that he has that information, by pleading to the counter-claim, may well be held to have waived all objection, because of a failure to comply with the rule.

While the plaintiff in this case has not, by pleading over, furnished this evidence of his knowledge as to the nature and scope of the wrongly-styled pleading, yet, by his motion to strike out, he has shown in an equally clear and convincing manner that he fully comprehended the purposes of this objectionable pleading.

But, aside from all this, the pleading in the case now before us was styled, as we have before stated, "*Answer and Counter-claim,*" and therefore, did furnish, on its face, the very information which it is the purpose of the rule to provide, viz.: that the defendant is asking some relief over against the plaintiff, and this mere inaccuracy, in using

the word "counter-claim" instead of "set-off," in the caption of this pleading, does not, either upon principle, or under the express provision of the Code, deprive the pleader of the right to such relief as he may show himself entitled to. By the very language of the Code above quoted "a misdescription, in the caption, of the nature of the defendant's claim shall not prevent him from having judgment," and we are of the opinion that the court below erred in striking out the matter pleaded as a counter-claim by appellant in his original answer and in striking from the files his amended answer and set-off. While the amount for which judgment was rendered against appellant was insufficient to give this court jurisdiction, yet the items pleaded by him as a counter-claim exceeded the sum of one hundred dollars and were sufficient to give jurisdiction of this appeal.

Wherefore the judgment of the lower court is reversed, and the cause is remanded for further proceedings consistent with this opinion.