### Baker, et al. v. Begley.

(Decided October 10, 1913).

### Appeal from Leslie Circuit Court.

1.  Limitation—Plea of Statute is Personal—Avoidance.—The plea of the statute of limitations is a personal plea; the defendant may not.desire to avail himself of it; but when pleaded, the opposing party may set forth matter in avoidance of the plea.
2.  Limitation—Statute of Must be Pleaded—Cannot be Raised by Demurrer to Petition.—In order for a defendant, in an action against him for fraud, to avail himself of the statute of limitations, the statute must be pleaded; the question of limitation cannot be raised by a demurrer to the petition.

CLEON K. CALVERT for appellants.

LEWIS & LEWIS for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

This appeal presents a question of pleading only. The original petition may be disregarded, since it has been superseded by the amended petition.

In his amended petition Garred Begley alleged that on March 5, 1898, William Baker, being then the owner of 30 acres of land described in the petition, executed to his son, the defendant, Matt. Baker, a title bond for land; that Matt. Baker requested William Baker to execute a deed to the appellee, Garred Begley, in accordance with the terms of the title bond, and that William Baker did so.

The amended petition further alleged that this deed had been mutilated and parts of it lost, and that it never had been recorded. By way of relief, Begley prayed for a re-execution of the lost deed.

The answer, by its first paragraph, specifically denied each and every allegation of the amended petition. By way of counterclaim, the second paragraph of the amended answer alleged that William Baker sold the land to his son Matt. Baker, on March 5, 1894, giving him a title bond therefor. It further alleged, however, that after the execution and delivery of the title bond, Matt Baker entered upon said land and cut down and carried away certain trees; whereupon the plaintiff Begley claimed said land, representing to Matt. Baker and William Baker that the 30 acres described in the petition were embraced within a senior patent for 50 acres made in the name of Pleasant Begley; that Matt. Baker and William Baker, believing the statements and representations of Garred Begley to be true, and that the trees belonged to him, Matt. Baker directed his father, William Baker, to execute a deed of conveyance direct to Garred Begley for the 30 acres, which was done; that subsequently, however, it was discovered that Garred Begley had fraudulently, and to the end that he might secure said 30 acres of land, and prior to March 5, 1894, gone upon said land, and with an ax or hatchet had marked certain trees as being corners of said Pleasant Begley 50 acre survey, and had so marked said trees as to make it appear that said 50 acre survey covered and embraced the 30 acres of land in controversy, although the Pleasant Begley 50 acre survey was more than a mile distant from the 30 acre tract in controversy. The counterclaim further alleged there was no consideration for the deed to Garred Begley, and asked that it be canceled, and that Matt Baker be adjudged to be the owner of the equitable title by virtue of his title bond from his father.

The circuit judge sustained a demurrer to the second paragraph of the answer, upon the ground, as we are informed by the briefs, that it showed upon its face that the fraud complained of was perpetrated prior to March 5, 1894, which was more than ten years before this action was instituted. The defendants appeal.

The correctness of the ruling upon the demurrer is the sole question before us.

By section 2515 of the Kentucky Statutes, it is provided that an action for relief on the ground of fraud or mistake must be commenced within five years next after the cause of action accrued; and, by section 2519, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake, but no such action shall be brought ten years after the time of making the contract, or the perpetration of the fraud.

The question here presented has been passed upon by this court many times, and until lately there appeared to be some confusion in the opinions upon the subject. The cases were reviewed, however, at some length in Swinebroad v. Wood, 123 Ky., 675, where, after pointing out several cases in which it was seemingly held that a plaintiff in an action for relief against fraud should be required to anticipate in his petition a plea of the statute, and allege matter in avoidance of it, we said:

"Upon investigation of these cases, and others on the same question, it might reasonably be implied that it is necessary to make these allegations in the petition, but it is not so expressly decided. On the other hand, in the cases of Cotton v. Brown, 4 S. W., 294, 9 Ky. Law Rep., 115, and Fritchler v. Koehler, 7 Ky. Law Rep., 34, and other cases, it is said by the court in substance, when, in an action for relief on the ground of fraud or mistake, the defendant relies upon the five-year statute of limitation and shows that the fraud or mistake was perpetrated or made more than five years before the action was instituted, the plea must prevail, unless it is avoided by replication showing that the action was brought within five years after the discovery, and that he could not, by reasonable diligence, have discovered same sooner. In our opinion this is the proper practice. There is no reason why a plaintiff in such an action should be required to anticipate in his petition a plea of the statute, and allege matter in avoidance of it. The plea of the statute of limitations is a personal one. The defendant may not desire to avail himself of it. But when pleaded the opposite party may set forth matter in avoidance of the plea."

In Yager's Admr. v. Bank of Kentucky, 125 Ky., 184, after quoting the foregoing passage from Swinebroad v. Wood, supra, we said:

"The rule of practice thus announced was fully approved by this court after much discussion of the sub-

ject.    While in some sort a departure from certain of
its former decisions, the rule is a safe and liberal one,
which can result in no injustice, and for these reasons,
as well as for the sake of uniformity, it should be fol-
lowed by the circuit courts of the State.''

Again, in Childers v. Bales, 124 S. W., 295, 296, we
re-affirmed the rule above announced in Swinebroad v.
Wood, and in Yager v. The Bank of Kentucky, *supra*,
saying:

''The rule is that, in order for a party to avail him-
self of the statute of limitations, it must be pleaded.
The question of limitation cannot be raised by demur-
rer.''

See, also, Green County v. Howard, 127 Ky., 385, and
Jolly v. Miller, 124 Ky., 114.

Whatever may have been the rule announced in some
of the earlier decisions, it may now be said to be firmly
established by the later decisions as being contrary to
the ruling of the circuit judge.

Judgment reversed, and action remanded, with in-
structions to overrule the demurrer to the second para-
graph of the answer.