## Fischer v. City of Covington.

(Decided October 15, 1913).

### Appeal from Kenton Circuit Court
### (Criminal, Common Law & Equity Division).

Municipal Corporations—Street Construction—Assessment for—Abutting Owners—Liens.—Where a street of a city of the fourth class is constructed under section 3567 of the Kentucky Statutes, which fixes a lien for the cost of the construction against the respective lots or parts of lots of land fronting or abutting upon the improvement, and the owner of a block of land built cottages thereon, some fronting upon the improved street and others upon a side street, without ever having platted the land so as to show, of public record, the plat lines of the division, the entire tract will be treated as a unit, and as fronting or abutting upon the improved street for the purpose of fixing the assessment to pay the cost of the improvement.

F. J. HANLON for appellant.

JOHN A. RICHMOND and STEPHEN L. BLAKELY for apellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

Prior to its annexation by the city of Covington in July, 1909, Latonia was a city of the fourth class. In 1879 Melanthon Rogers had laid out what is known as Rogers Sub-division to the town of Latonia, sub-dividing

it into squares which were bounded by streets and cut
by alleys, in the usual way. In the same year Fischer,
the husband of the appellant, Julia Fischer, bought from
Rogers a block 200 feet square, bounded by Ferry street
on the south, by Frazier street on the west, by Catherine
street on the north, and by the railroad on the east.

Shortly thereafter Fischer sold 50 feet off of the
eastern side of the lot, leaving him a lot fronting 200
feet on Frazier street, with a depth of 150 feet on
Catherine and Ferry streets. Between 1890 and 1892,
Fischer built five cottages fronting on Ferry street, be-
ginning at the corner of Frazier street and extending
eastwardly, and three other cottages fronting on Frazier
street at the southeast corner of Catherine street.

The location and boundary of the property is shown
by the following plat:

On February 18, 1908, the town of Latonia passed an ordinance providing for the original construction of Catherine street, which bounded the Fischer property on the north; and, on July 4, 1908, it passed an ordinance providing for the original construction of Frazier street between Ferry street and Catherine street. These two streets were improved in accordance with the ordinances, and on January 12, 1909, the town of Latonia passed an ordinance apportioning the tax upon the abutting property to pay for Frazier street, assessing Mrs. Fischer's property fronting 200 feet on Frazier street, by 150 feet deep, for $427.24. By a similar ordinance of March 2, 1909, the town of Latonia apportioned $386.52 against her property, for the construction of Catherine street. On March 3, 1909, the town of Latonia ordered the construction of artificial stone sidewalks on the east side of Frazier street from Ferry street to Catherine street; and by an ordinance of the city of Covington passed on September 15, 1911, after the annexation of the town of Latonia to Covington, $109.24 was apportioned against appellant's property for the payment of said sidewalk.

These improvements were made under the authority of section 3567 of the Kentucky Statutes, it being a part of the charter of cities of the fourth class, and providing in part, as follows:

"A lien shall exist for the cost of the original improvement of the public ways, market space, public square or grounds, wharves, levees, for the construction and reconstruction of the same, to take effect from the passage of the ordinance ordering improvements; for the apportionment and six per centum interest thereon, against the respective lots or parts of *lots of land fronting or abutting upon the improvement,*" etc.

Section 3578 of the same charter further provides:

"That no city of the fourth class shall, by virtue of any authority it has to improve its streets or other public ways at the cost of the owners of ground fronting or abutting thereon, have authority to charge the ground or the owner thereof on account of such improvements with more than one-half the value of such ground after the improvement is made, excluding the value of buildings and other improvements upon the property so improved."

On May 25, 1912, the appellant, Julia Fischer, brought this action alleging that the cost of said improvements was more than one-half the value of her property front-

ing and abutting thereon, and asked that so much of said cost as should exceed one-half of the value of said property after said improvements were made, be declared invalid, and that the lien and assessment, to that extent, be cancelled and held of no effect.

The petition is based upon the theory that only lots 1, 6, 7, 8 and 9 front and abut upon the improvements; and, in fixing the value of the property so as to bring it within the clause of the statute last above quoted, appellant has confined her proof to the value of the lots above indicated; while the city of Covington insists that the property should be valued as a unit fronting 150 feet on the improvement on Catherine street, and 200 feet on the improvement on Frazier street.

The chancellor took the view of the city, and dismissed the petition; whereupon Mrs. Fischer brought this appeal.

It is conceded by the appellant that the entire tract fronting 200 feet on Frazier street by 150 feet deep, is worth much more than twice the cost of the total improvements, and that if the entire tract is to be considered as a unit for the assessment of the cost, the petition was properly dismissed. She strenuously insists, however, that only lots 1, 6, 7, 8 and 9 should be treated as fronting or abutting upon the improvements.

The proof shows that when Mr. Fischer, the husband of the appellant, built the cottages above referred to, division fences and outhouses were erected to serve the convenience of the respective tenants; and, upon his death, his widow, the appellant herein, became the owner, and held the property improved as above indicated, until after the streets were constructed.

In April, 1912, however, having sold lot No. 3, she employed a surveyor to plat the ground so as to run the lines according to the existing partition fences, and for the purpose of certainty in the making of deeds. Prior to that time, however, the ground had not been platted, and there was no record showing that it had been used in any way other than as an entirety. Appellant's contention that it shoud be now treated as divided into separate lots is based solely upon the fact that for many years the property had been occupied by cottages, separated by division fences, as heretofore stated. The question, therefore, is this: Did the building of the cottages and the fences segregate the property into separate lots so as to relieve the inlying property from liability

for these improvements, or does the property still remain a unit for the purposes of assessment?

While we have been referred to no authority directly in point, our own investigation has brought to light at least two cases which are of some assistance.

In Smith v. City of Des Moines, 106 Iowa, 590, Smith owned lots 19, 20 and 21, which extended 146 feet in length from north to south, and which were numbered from west to east. Each lot as platted, was 50 feet in width; but, when platted, Pennsylvania avenue, which extended from north to south, and bounded lot 21 on its east side, was not of full width. The eastern 40 feet of lot 21 was added to Pennsylvania avenue to widen it. There was thus left a strip of the western part of lot 21 which was 10 feet wide, and 146 feet long. Lots 19, 20 and the remaining 10 feet of lot 21 were used together as one tract, as a residence, with the house fronting eastwardly on Pennsylvania avenue. The Iowa Statute provided that an assessment for improving a street "should be a lien upon the property abutting upon the street or streets" on which the improvement is made, and that such lien should be "limited to the lots or lands bounding or abutting on such street or streets."

The court was, therefore, called upon to determine whether lot 20, so located and used, was subject to the assessment in question, or should the tax for the improvement of Pennsylvania avenue be confined to the remaining 10 feet of lot 21?

In discussing the question, the court said:

"Does this mean that the lien of the assessment is limited to lots which actually abut on the street, or may it extend to all lots used together as one tract, one or more of which abut on the street? The adjudicated cases called to our attention give but little aid in determining which is the correct theory."

After a careful examination of the Iowa Statute, a majority of the court reached the conclusion that where a tract of land has been platted into lots, the platted boundary lines must control, and that an assessment must be limited to the lot or parcel of ground which abuts on the street as shown by the plat.

In Barber Asphalt Paving Co. v. Peck, 186 Mo., 516, Peck owned lots 2, 4, 6 and 8, fronting on Vandeventer Place, in St. Louis, with Grand avenue running along the side of the last named lot. The four lots having been

assessed, as one, for the improvement of Grand avenue, it was insisted that the assessment was void, because an aggregate assessment had been made against the several lots instead of a separate assessment against each lot for its proportionate share. The St. Louis charter provided that the cost of construction should be "charged upon the adjoining property."

In deciding the case the Supreme Court of Missouri said:

"Holding as we do, that it was competent to charge the lot lying north and south along Grand avenue as *adjoining* property, it is evident, from the fact that all four lots fronted on Vandeventer Place, that only the eastern lot of the four so adjoined Grand avenue, unless, as we have said, there was an allegation and proof that all four were occupied as one lot by the owners, who, for their own convenience, had disregarded the lot lines."

According to these two cases, where the ground has been platted into lots, so that the fact of the division into lots appears on or by some public record, the lines of the plat control in determining whether a lot fronts or abuts upon a particular street; but, even where the land has been platted, several lots may be treated as a unit for assessment purposes, where they were treated as one lot by the owner, who, for his own convenience, had disregarded the lot lines.

The case before us, however, is even stronger for the appellee than a case where the lot lines of the plat have been disregarded by the owner, since the Fischer land was never divided or platted, or any plat or division thereof shown upon any public record until after the improvements were made. On the contrary, so far as was shown by the records, the land remained as a single tract, fronting 200 feet on Frazier street, with a depth of 150 feet upon Catherine street; and Fischer having so treated it, the town of Latonia properly so treated it when it came to make the assessment for the improvement.

We are not called upon to decide, and we do not decide what would have been the effect if Mrs. Fischer had actually platted the ground before the improvements were made, as she did afterwards; that case is not before us.

Judgment affirmed.