## Hackett v. State Bank & Trust Co., and Ira Scudder, Executors of the will of B. C. Hackett, Deceased, and Ira Scudder, Trustee.

(Decided October 21, 1913).

### Appeal from Madison Circuit Court.

1. Estates—Action to Settle—Parties.—In an action by appellant for a settlement of her husband's estate, the inference from the petition being that he left children who were proper parties, the special demurrer was properly sustained to the petition, and the action dismissed without prejudice.
2. The general demurrer, however, was improperly sustained, for the reason that the statute of limitations should have been pleaded. It cannot avail on demurrer.

SMITH & SMITH for appellant.

J. A. SULLIVAN, BURNAM & BURNAM for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant instituted this action alleging, in substance, that her husband died in the year 1878 intestate, that no administration was ever granted on his estate, that all the property that he owned at that time was owned in partnership with his brother, B. C. Hakett. His brother, B. C. Hackett, who survived him was unmarried, and he undertook to settle their partnership affairs, but did not settle them in whole or in part, and he died in the year 1907 testate.

Appellant alleged that she never at any time knew of what the partnership property consisted until about three years after the death of B. C. Hackett, when she found a small book kept by him during his life, and she discovered for the first time that the partnership owned a lot of cattle, which sold for $4,000.00, and that they owned bank stock which sold for $3,500.00, and that B.

C. Hackett received $3,500.00 and $4.000.00 for which he failed to account, and that she was entitled as the widow of Orren Hackett to one-third thereof.

Appellee filed both a special and general demurrer to the petition which were sustained, and leave was given to amend which appellant declined to do, and the petition was dismissed, and she appeals.

A general demurrer was improperly sustained for the reason that the statute of limitations should have been pleaded. It cannot avail on demurrer, but should have been pleaded, thus allowing the appellant to plead any matter that she could to avoid the affect of the statute of limitations. (See case of McCormick v. Perry, &c., 29 K. L. R., 420.)

We have arrived at a different conclusion in regard to the sustaining of special demurrer, for the reason that the plaintiff had not legal capacity to bring this action. She is the widow of Orren Hackett, and sues for a third of the two sums. Section 428 of the Code provides:

"A representative, legatee, distributee or creditor of a deceased person may bring an action in equity for the settlement of his estate."

And the Code further provides who shall be made parties either as plaintiffs or defendants. She did not make any of Orren Hackett's children, if he had any, parties to the action, nor did she state that he left any. The inference from her pleadings is that he left children, for she asks for only one-third of his personal estate.

It would not do to suffer the widow and each child to bring and prosecute a separate action for their interest in this estate. Separate trials with possibly different facts and judges would probably result in different judgments, and hence the above code provision to compel all parties to join either as plaintiffs or defendants to one action for the settlement of estates. Therefore, the court properly dismissed her action without prejudice.

Judgment affirmed.