## Davidson, et al. v. Kentucky Coal Lands Company.

(Decided March 22, 1918.)

### Appeal from Clay Circuit Court.

1. New Trial—Actions for New Trial—Vacation of Judgment.—In an action for a new trial on the ground of fraud of the successful party in obtaining the judgment, the court may decide upon the grounds to vacate the judgment before deciding upon the validity of the defense which could have been or might be, made to the action.

2. New Trial—Actions for New Trial—Vacation or Modification of Judgment.—In order to authorize the court to vacate or modify the judgment before deciding upon the validity of the defense or cause of action, the party seeking to set aside the judgment on the ground of fraud must state in his petition sufficient grounds to authorize the vacation or modification of the judgment and the defense that he could and would have interposed to defeat the rendition of the judgment if he had not been prevented by the

fraud alleged, and the averments of the petition must be supported by evidence, unless, as in this case, the facts averred therein are admitted by a demurrer to the petition.

3. New Trial—Actions for New Trial—Vacation of Judgment.—The allegations of the petition setting forth the grounds for vacating the judgment and for a new trial in this case being such as are allowed by Civil Code, section 518, subsection 4, and admitted by the general demurrer filed to the petition, authorized the relief granted by the trial court.

CLEON K. CALVERT for appellants.

J. C. JONES and RAWLINGS & WRIGHT for appellee.

Opinion of the Court by Chief Justice Settle—Affirming.

December 13th, 1913, the appellee, Kentucky Coal Lands Company, brought this action in the Clay circuit court against the appellants, Henry Davidson and others, heirs at law of Samuel Davidson, deceased, to vacate a *nunc pro tunc* default judgment rendered against the appellee in that court May 14th, 1909, in the case of Samuel Davidson v. O. H. Moffatt, et al., in which appellee was a defendant; and also to obtain a new trial in the action, asked on the ground of fraud practiced by the successful party in obtaining the judgment, which by Civil Code, section 518, subsection 4, is made a ground for a new trial. Appellants filed a general demurrer to the petition which was overruled by the circuit court; and upon their refusal to further plead, the court set aside the judgment in the former action and granted appellee a new trial. From that judgment this appeal is prosecuted.

So the question presented by the appeal for decision is, were the allegations of the petition sufficient to authorize the granting of the new trial and consequent vacation of the judgment? It was, in substance, alleged in the petition that September 8th, 1908, the action in equity wherein Samuel Davidson, the ancestor of appellants, was plaintiff and O. H. Moffatt and others, including the appellee, were defendants, was instituted, ostensibly, to recover damages for timber of the alleged value of $6,750.00, which was cut by the defendants, other than appellee, on lands of which the plaintiff claimed to be the owner. The only purpose in making appellee a party defendant was, as alleged in the petition, to secure a judgment of the court locating a patent

for two hundred acres of land situated in Clay county, issued May 11th, 1853, to William Spurlock, which it was supposed adjoined or lapped upon certain lands to which appellee claimed title; that thereafter on May 13th, 1909, the plaintiff, Davidson, for the alleged purpose of giving a more exact and definite description of the land attempted to be described in his original petition, without notice to the appellee, and without the issuance of process thereon or service of same on it, filed in the action an amended petition, in which appellee's name does not appear, setting out by metes and bounds another and altogether different tract of land to that described in the original petition as the Spurlock patent, which lapped upon and covered certain lands claimed to be owned by the appellee, and was and is in fact owned by it and not included in the Spurlock patent; and that by the amendment in question, the plaintiff, Davidson, set up claim to land therein described, the title to which was in appellee. On October 14th, 1909, Davidson procured the entering of the *nunc pro tunc* default judgment whereby he fraudulently recovered the land falsely represented in the amended petition to be covered by the Spurlock patent to which appellee then and now held the title. It was further alleged in appellee's petition that whatever title Davidson had to the land described in the original and amended petitions he derived through a deed made to him by Robert Davidson and wife, which does not cover any part of the boundary of land for which Davidson recovered judgment against appellee in the action mentioned, and that this fact was known to him when he brought his action and at all times during the pendency thereof. But that in aid of his fraudulent purpose to deprive appellee of its land he and his attorney falsely and fraudulently represented to A. K. Cook, appellee's sole agent in charge of its lands, that the lands described in the original petition did not conflict with or lap upon those owned by appellee, and that Davidson had no intention of claiming or interfering with the lands of the latter and would ask no judgment against it. That Cook, relying upon these representations, was thereby induced to make no defense for appellee to the action brought by Davidson, which but for such false representations he would have done, and in so doing could and would have successfully prevented the recovery by Davidson of appellee's land in question. It further appears from the allegations of the petition

that after thus deceiving and misleading appellee's agent, Cook, by means of the false representations mentioned, and thereby inducing the latter to believe that appellee's land would not be affected by whatever judgment might be rendered in the action, Davidson, without notice to him or to appellee, filed the amended petition whereby he secured the judgment giving him a part of appellee's land and that the filing of the amendment was without the knowledge of appellee or its agent, Cook.

Taking the above-mentioned allegations of the petition as confessed by the demurrer, which we must do, the conclusion is inevitable that the fraud complained of by appellee was practiced by Davidson in procuring the judgment complained of. In Gill v. Carter, 6 J. J. Marshall, 484, this court had before it a case presenting facts very similar to those here involved. Carter was prevented from making defense to the action on account of the assurances of Gill that it was unnecessary for him to answer in the action as he was but a nominal defendant and no recovery would be sought against him. But notwithstanding these assurances the decree was entered in favor of Gill against Carter. The latter upon discovering this fact filed a bill against Gill and others attacking the decree for fraud, in so far as it affected him. The circuit court granted Carter the relief asked and upon appeal to this court the judgment in Carter's favor was affirmed. In the opinion it is, in part, said:

"The grounds relied on by Carter, in his bill, as warranting the relief sought, are, that Gill's lawyer informed him, Carter, that it was not necessary for him to answer the bill; that he had directed the sheriff not to serve him with the process issued on the cross-bill; the proceeding, as it related to him, being for form sake only; that on speaking to Gill on the subject, he made similar observations, promising that he would not hold him responsible for the payment of any decree which might be rendered in the case, as he intended to look to the representatives of Wilmot only; and that under the influence of these assurances he was thrown off his guard, and prevented from filing an answer. . . . . That Carter was entitled to relief against the decree in favor of Gill, there is no doubt; for that he was prevented from answering the bill by an assurance from Gill, that he would not hold him responsible for one cent of his demand, his object being to make it out

of Wilmot's representatives, is established by the proof in the cause, although it is denied in Gill's answer; and if he had answered the bill and made the proper defense, it is clear, that Gill could not have obtained a decree against him for as much as $250.00.''

In Hayden, &c. v. Moore, 4 Bush 107, it was held that if the plaintiff or his attorney, before judgment, either directly or indirectly, puts a party who is not liable for the debt sued on, off his guard, or prevents him from defending the action, such conduct would entitle the injured party to relief. In that case, however, the relief asked against the judgment was refused because the proof failed to establish the alleged fraud relied on, but in the opinion it is said:

''If appellee or his attorney had, before judgment was rendered against Mrs. Hayden, said that she was made a defendant in the action *pro forma,* and that they had no intention of making her responsible for the debt, or had done or said anything to put her off her guard or prevent her from defending the action, such conduct would have entitled her to relief.''

To the same effect are the following cases:

Winkler v. Peters, 142 Ky. 83; Kingsley v. Daniels, 157 Ky. 194; McCall v. Hitchcock, 9 Bush, 66.

Tested by the rule laid down in the cases, *supra,* it is patent that the allegations of the petition authorized the overruling of the demurrer, and, *prima facie,* entitled appellee to the new trial granted by the circuit court.

While it is apparent from the averments of the petition, taking them as confessed on the demurrer, that appellee would have had and now has, if upon the trial yet to take place of the action of Davidson v. Moffatt, et al., as to him, the fraud alleged is established by the evidence, a good defense thereto, the circuit court had the right to pass upon the grounds to vacate the judgment in the former action and to grant a new trial, before deciding upon the sufficiency of appellee's defense to that action. As that action had gone off the docket, appellee, in urging in the present action the grounds set forth in the petition for a new trial, could not have presented or tendered an answer in the former action. This can be done, however, following the reinstatement on the docket of that action as directed by the judgment in the present action granting the new trial. In the meantime the defense to the former action, disclosed by the

petition for the new trial, sufficiently apprized the court of its character to enable it to determine its validity. Besides, in an action for a new trial on the ground of fraud of the successful party in obtaining the judgment the court is permitted by section 522, Civil Code, to follow this course. That section declares:

"The court may decide upon the grounds to vacate or modify a judgment before deciding upon the validity of the defense or cause of action."

It would seem, however, that to authorize the court to vacate or modify the judgment before deciding upon the validity of the defense or cause of action, the party seeking to set aside the judgment on the ground of fraud must state in his petition sufficient grounds to authorize the vacation or modification of the judgment and the defense that he could and would have interposed to defeat the rendition of the judgment if he had not been prevented by the fraud alleged, and the averments of the petition must be supported by evidence unless, as in this case, the facts averred therein are admitted by a demurrer to the petition. Gaar, Scott & Co. v. Van Hook, 162 Ky. 332; Martin v. Connelly, 99 S. W. 613.

Appellants can not complain of the action of the circuit court in ruling, that the defense that the action was barred by the statute of limitations, can not be raised by demurrer. This defense is one that must be pleaded by answer or other responsive pleading. By section 2515, Kentucky Statutes, it is provided that an action for relief on the ground of fraud or mistake must be commenced within five years next after the cause of action accrued, and, by section 2519, the cause or action shall not be deemed to have accrued until the discovery of the fraud or mistake; but no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud. In this jurisdiction it is now the well established rule that in order for a party to avail himself of the statute of limitations it must be pleaded. The question of limitation can not be raised by demurrer. Yager's Admr. v. Bank of Kentucky, 125 Ky. 184; Swineboard v. Wood, 123 Ky. 675; Childers v. Bayles, 124 S. W. 295; Baker v. Begley, 155 Ky. 234; Green County v. Howard, 137 Ky. 385; Jolly v. Miller, 124 Ky. 114. Moreover, taking as true the allegations of the petition, it is manifest that appellee's action was brought within five years of the discovery by it of the

fraud complained of, and likewise within ten years of its perpetration.

We are also of opinion that appellant's contention that the petition fails to show reasonable diligence upon the part of appellee in discovering the fraud and in bringing the action, is without merit. The judgment complained of was rendered May 14th, 1909, and the action instituted December 13th, 1915. The facts furnished by the petition from which we must determine the question of the appellee's diligence, or want of diligence, are as follows:

Shortly after the rendition of the judgment complained of and in the same year, A. K. Cook, who was at the date of its rendition and for several previous years, the attorney and agent of appellee entrusted with the control of its Kentucky lands, and who admittedly was unadvised of the existence of the judgment, was relieved of further service in that capacity and J. C. Jones employed by appellee as its agent and attorney with like duties and powers. Jones, beginning with the year 1910 and continuing through the successive years down to the fall of 1914, repeatedly searched the records of the Clay circuit court for the purpose of ascertaining what actions or litigation affecting appellee and its Clay county lands had been brought or were pending in that court, but was at no time able to secure any information touching the former pendency of the suit of Davidson v. Moffatt, et al., in which the judgment complained of was rendered, and did not learn of the action until the fall of 1914, when he accidentally secured information thereof from outside sources and thereafter found and examined the judgment in question indexed under the style of Samuel Davidson v. Moffatt-Boman Lumber Company, &c., the index not showing appellee to have been a party to the action or judgment; upon making the discovery mentioned he inquired of the clerk of the Clay circuit court for the papers in the action, and found that they were not in the office of the latter but in the possession of one of appellant's attorneys. From the papers of the action finally obtained, he for the first time discovered, as did the appellee through information conveyed by him, the existence of the judgment; and by subsequent investigation, which he could not have sooner made, learned of the fraud which had been perpetrated by the appellant's ancestor, Samuel Davidson, deceased, upon appellee and its former agent and attor-

ney, Cook, in procuring the judgment complained of. With the papers of the action out of the clerk's office, and, apparently lost, and the action so indexed as not to give any indication that appellee was a party thereto, we can but conclude that appellee was not chargeable with notice of the suit prior to the discovery of the fraud by its attorney, Jones, in the fall of 1914, as alleged in the petition. In Elliott v. Harris, &c., 81 Ky., 474, the question as to what constitutes diligence on the part of one seeking by petition a new trial, was considered.

The defense was interposed that there was a defect of title, and it so appearing to the court, a rescission was adjudged. The vendor afterwards discovered the necessary deed and filed her petition for a new trial, averring that the deed books and indexes had been so mutilated during the late war that it was impossible to find the deed without examining the deed books leaf by leaf, and that all possible diligence had been used. In passing on this question the court said:

"No amount of diligence, in the eye of the law, could have discovered the deed, because the law does not require the appellant to do more than search for the deed, in the usual way, by aid of the indexes and aid of the clerk, whose duty it is to index the deed books used by him in recording deeds. He was not bound to turn page by page to find a deed embraced by so cumbersome a record, and she had the right to be content after having made reasonable search and failed to find it."

Finding no reason to disagree with the rulings of the circuit court upon any question raised by the demurrer, or error in overruling the demurrer, the judgment is affirmed.