## Middleton, et al. v. Commonwealth.

(Decided September 25, 1923.)

### Appeal from Harlan Circuit Court.

1. Ejectment—Unnecessary to Go Beyond Common Source of Title in Proof.—In action by the Commonwealth to recover tracts of property, where defendants asserted title jointly with and through a certain party under whom the Commonwealth claimed, such person was a common source of title, and it was not necessary for the Commonwealth to go beyond him in its proof of title.

2. Ejectment—General Denial of Ownership Held Insufficient to Tender an Issue.—Where the Commonwealth, suing for land, filed with the petition certified copies of deeds and judgments showing title from the common source, a mere general denial of ownership on the part of the Commonwealth was not sufficient to tender an issue on the question of title.

3. Estoppel—Vendor Under General Warranty Deed, Remaining in Possession, and Others Occupying with Him, Estopped to Deny Vendee's Title.—A vendor of land, who, after a conveyance containing a covenant of general warranty, remains in possession, holds under and not against his vendee, whose title he is estopped to deny, and this also applies to those who enter under the grantor and occupy the premises jointly with him.

4. Limitation of Actions—That Plea of Fraud Barred by Limitations Not Raised by Demurrer.—That a plea of fraud is barred by limitations is a matter which must be pleaded, and cannot be raised by demurrer.

5. Deeds—Plea of Fraud Held Sufficient.—In an action by the Commonwealth to recover land forfeited to it by a railroad against the grantors of the land to predecessor of the railroad, a plea of fraud, to the effect that defendant grantor could not read, and was told that she was merely granting a right of way, and not title to the lands, etc., held sufficient as against demurrer.

6. Champerty and Maintenance—Grantor Held Not Entitled to Set up as Defense.—In an action by the Commonwealth to recover lands forfeited to it by railroad against persons who had granted the land to predecessors of the railroad, the plea of champerty was not available to such grantors, since a grantor holds under, and not against, his vendee; the land being conveyed under a covenant of general warranty.

7. Judgment—Defendants in Action by Commonwealth to Recover Railroad Land Held Not Entitled to Set up Collusive Forfeiture.— In an action by the Commonwealth to recover land forfeited to it by a railroad against grantors of the land to the railroad, defendants could not attack the judgment of forfeiture as collusive and obtained by fraud; they not being parties or privies to the forfeiture proceeding.

8. Estoppel—Neither State nor Municipality Estopped from Claiming Title to Land by Reason of Payment of Taxes.—Neither a state nor a municipality is estopped from subsequently claiming title to property for the benefit of the public by an unauthorized levy and collection of taxes on such property, since officers charged with the duty of assessing property and collecting taxes are without authority to convey public property.

HALL, JONES & LEE for appellants.

CHAS. I. DAWSON, Attorney General, and J. S. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This action was brought by the Commonwealth against James Middleton, Rebecca Coldiron Middleton and others to recover certain tracts of land. The defendants filed an answer and amended answer presenting several defenses. A demurrer was sustained to each paragraph of the answer as amended, and defendants having declined to plead further, judgment was rendered in favor of the Commonwealth. Defendants appeal.

Briefly stated, the allegations of the petition are as follows: In 1903 Rebecca Coldiron Middleton, then Rebecca Coldiron, together with her husband, Sherman Coldiron, who has since died, by deed containing a covenant of general warranty conveyed in fee simple to the Middlesboro Mineral Railway Company one of the tracts of land in dispute. In the same year she and her husband, together with A. L. Coldiron and wife, by deed of like character conveyed to said corporation another tract of land also in dispute in this action. Some time later the Middlesboro Mineral Railway Company conveyed one-half of the land to the Wasiota and Black Mountain Railroad Company, which in turn conveyed to the Louisville & Nashville Railroad Company. Thereafter, the Commonwealth of Kentucky brought suit in the Harlan circuit court against the Middlesboro Mineral Railway Company and the Louisville & Nashville Railroad Company to forfeit their title to the land. On May 4, 1917,

judgment was rendered forfeiting the land in accordance with the prayer of the petition.

(1) The petition not only alleged that the Commonwealth was the owner of and entitled to the possession of the land in controversy, but set forth the deeds and judgment through which it derived title, and filed certified copies thereof with the petition. While the answer denied the Commonwealth's ownership of the property, it did not deny the execution of the deeds or the rendition of the judgment except in a qualified way. There was no attempt on the part of appellants to plead their separate ownership of distinct portions of the land. On the contrary, they asserted title jointly with and through Rebecca Coldiron Middleton. That being true, she was the common source of title, and it was not necessary for the Commonwealth to go beyond her in its proof of title. Therefore, when it showed title from her by filing certified copies of the deeds, whose execution was not denied, a mere general denial of ownership on the part of the Commonwealth was not sufficient to tender an issue on the question of title. It follows that the court did not err in sustaining the demurrer to that paragraph of the answer denying the Commonwealth's title.

(2) By another paragraph there was a plea of adverse possession. Therefore, the case is one where the grantor in a general warranty deed, and others who claim through her and occupy the premises jointly with her, are asserting title by adverse possession as against her grantee and its successors in title. It has long been the settled rule in this state that a vendor of land who, after a conveyance containing a covenant of general warranty, remains in possession, holds under and not against his vendee, whose title he is estopped to deny. Griffith v. Dicken, 4 Dana 561. Not only so, but those who enter under the grantor and occupy the premises jointly with him are in no better position. It follows that the plea of adverse possession is not available.

(3) Another paragraph contains the plea that the deeds in question were obtained from Rebecca Coldiron Middleton by fraud. The allegations are that she agreed to convey to the Middlesboro Mineral Railway Company a right of way over the land. At the time she was unable to read or write, and it was represented to her that the deed was only for a right of way over the land, and not for the title in fee, and that the deed was so read to her.

It was also represented to her that it was provided in the deed that if no railroad should be built within five years over the land, the land would remain hers, and that she would never be disturbed in the possession thereof, and that until such time as such railway would be built, she would have the right to remain in possession of the land and use it as her own, and that she would never be disturbed in the possession of the land except for the purpose of enabling the Middlesboro Mineral Railway Company to build its railroad; that relying upon the representations of those who prepared the deed that these conditions were in the deed, she executed same, and that if she had known at said time that said deed was a conveyance in fee of said land, she would not have signed or executed same, and that the deed was obtained from her by fraud.  Though it may be true that the plea of fraud is barred by the statute of limitations, that is a matter which must be pleaded, and cannot be raised by demurrer. On the whole, we conclude that the plea of fraud was sufficient, and that the court erred in sustaining the demurrer to that plea.

(4).  The plea of champerty is not available for the same reason that the plea of adverse possession was held insufficient.

(5).  The court did not err in sustaining the demurrer to the plea that the judgment of forfeiture was collusive, and was obtained by fraud.  The judgment of forfeiture merely forfeited whatever title the Middlesboro Mineral Railway Company and the Louisville & Nashville Railroad Company had in the property in question.  It did not deal with any question affecting the title of appellants, and they, not being parties or privies to the action, cannot raise the question that the judgment was obtained by fraud or collusion.

(6).  Equally untenable is the plea that appellants' payment of taxes to the Commonwealth estops it from asserting title to the land.  It is generally held, and such is the rule in this state, that neither a state nor a municipality is estopped from subsequently claiming title to property for the benefit of the public by an unauthorized levy and collection of taxes on such property.  Alves' Ex'rs v. Town of Henderson, 16 B. Mon. 131; Uniontown v. Berry, 72 S. W. 295, 24 K. L. R. 1692; Providence v. Comstock, 27 R. I. 537, 65 Atl. 307; Plumb v. Grand Rapids, 81 Mich. 381, 45 N. W. 1024; 21 C. J. 1199.  The reason for the rule is that the officers charged with the

duty of assessing property and collecting the taxes thereon are without authority to convey public property, and what they cannot do directly they cannot do by indirection.

For the error in sustaining the demurrer to the paragraph of the answer as amended pleading that the deeds were obtained by fraud, the judgment is reversed and cause remanded for proceedings consistent with this opinion.