## Lyttle v. Johnson, et al.

(Decided February 26, 1926.)

### Appeal from Perry Circuit Court.

1. Limitation of Actions.—Statute of limitations must be pleaded.
2. Limitation of Actions.—Question of limitations cannot be raised by demurrer.

O. H. POLLARD and A. H. PATTON for appellant.

JESSE MORGAN for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

In his petition, appellant, who was the plaintiff below, averred that on the 18th day of February, 1889, his mother conveyed certain realty described by metes and bounds to his sister, Bertha D. Lyttle. Although the deed was one of general warranty absolute on its face, appellant alleged that his sister took it on the distinct understanding, agreement, promise and contract with her mother to hold the land conveyed, in trust for the appellant and his brother, Roscoe Lyttle, both of whom were at that time infants. Later and on August 29th, 1902, Bertha S. Lyttle and Roscoe Lyttle by general warranty deed conveyed a one-half interest in the property to Chester A. Eversole and the appellee, K. F. Johnson. Later Eversole conveyed his interest under that deed to appellee, J. E. Johnson. On February 18, 1905, Roscoe Lyttle having in the meantime died without issue, Bertha D. Lyttle conveyed the whole interest in all the property to the Johnson appellees. The latter at once entered into possession of the property and opened a coal mine which they have operated ever since. Appellant further averred in his petition that at the time of the conveyance of Lyttle to Johnson and Eversole, that of Eversole to Johnson, and that of Lyttle to the two Johnsons, the grantees knew all about the

trust with which the land was impressed and hence, not being innocent purchasers, took the conveyances subject to the trust. The prayer asked that the appellees be declared to hold appellant's alleged interest in the land in trust for him and for certain other relief. There were some amendments filed to this petition not material to the question involved on this appeal. Appellees interposed a demurrer to the petition as amended, which demurrer was sustained. Appellant declined to plead further, his petition was dismissed and he appeals.

Appellees insist that their demurrer was well founded because the petition and the exhibits filed with it show that the appellant's cause of action, if any, was barred by the statute of limitations, and that he was not within any of the saving clauses of that statute, in which state of case the question of limitations may be raised by a general demurrer; although, as a general proposition, the question of limitations cannot be raised by demurrer but must be presented by an affirmative plea. It is true that some of the earlier decisions of this court sustain the appellees in this contention, among which is that of Low v. Ramsey, 135 Ky. 333, 122 S. W. 167. On the other hand, there are many of these earlier decisions which take a contrary view. Finally in Baker v. Begley, 155 Ky. 234, 159 S. W. 691, this court took note of this confusion in the authorities and there emphatically stated that whatever may have been the rule announced in some of the earlier decisions, it was then firmly established that limitations must be pleaded and the question cannot be raised by demurrer. Since the Baker case, we have steadily adhered to its doctrine. Klineline v. Head, 205 Ky. 644, 266 S. W. 370; Middleton v. Commonwealth, 200 Ky. 237; 256 S. W. 754; Adams v. Bates, 191 Ky. 710, 231 S. W. 238; Merritt v. Cravens, 168 Ky. 155; Hackett v. State Bank & Trust Co., 155 Ky. 292, 159 S. W. 952; Smith v. Young, 178 Ky. 376, 198 S. W. 1166; Davison v. Kentucky Coal Lands Co., 180 Ky. 121, 201 S. W. 892.

It was error, therefore, for the lower court to sustain appellees' demurrer to appellant's petition on the ground that it showed on its face that the cause of action therein stated was barred by limitation. As appellee suggests no other reason why its demurrer should have been sustained, it follows that the judgment of the lower court is erroneous and must be reversed and it is so ordered, with directions to set aside the judgment and overrule the demurrer, and for proceedings consistent with this opinion.