## Cox et al v. Simmerman et al.

(Decided March 25, 1932.)

LOUIS I. IGLEHEART for appellants.

KIRK & BARTLETT; CARY, MILLER & KIRK; R. MILLER HOLLAND, and J. S. GLENN for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

On May 15, 1928, Lula A. Cox and other heirs at law of Sallie Rowan Cox, deceased, instituted this action in the Ohio circuit court against Mrs. Jessie Simmerman individually and as executrix of James W. Ford. Mrs. Simmerman's husband and L. E. Morris and wife were also made parties defendant to the action.

By the petition as amended it is made to appear that William C. Rowan, a resident of Ohio county, died in the year 1879, having theretofore made a will which was in due time probated in the county court of that county. He was survived by four children who were his only heirs at law, namely William J. Rowan, Ann

Rowan, Sallie Rowan Cox, and Abbie Rowan Ford. The two first named children died many years ago, unmarried and without issue. Mrs. Cox died in 1898 and Mrs. Ford in April, 1917. After making specific devises to his children, Mr. Rowan's will provided that certain lands be divided among his three daughters, and recited that the executors be authorized to sell and convey the lands not specifically disposed of by the will. Included in the residuary estate was a tract of about 155 acres referred to in the will and known as the Barrett Hill tract. Testator nominated his son, William J. Rowan, and his son-in-law, James W. Ford, as executors, and directed that the powers given to them by the will should pass to, and be exercised by, either of them in the event of the death or nonqualification of the other.

It is alleged that on October 13, 1906, James W. Ford, as executor, sold all the undevised lands at public auction, and that Mrs. Abbie R. Ford became the purchaser of the Barrett Hill tract for the sum of $1,700; that the sale was advertised by handbills, a copy of these being made a part of the petition, marked Exhibit A. It is further alleged that the minerals and mineral rights under the Barrett Hill tract were expressly reserved; that it was so announced at the sale and that the land was offered with the distinct understanding that the purchaser was bidding on the surface only; that Mrs. Ford, as the purchaser at the sale, purchased the surface only; that the deed was not made to her until August 27, 1914; that by the terms of the deed the executor purported to convey to her a fee-simple title to the land, and, by mistake of the draftsman and mutual mistake of the parties, the mineral rights as well as the surface were included in the conveyance. This deed was put to record in the office of the county clerk of Ohio county, on September 22, 1922, but it is alleged that plaintiffs did not know, and by the exercise of reasonable diligence could not have discovered the error at an earlier date than it was discovered in January, 1928.

By a third amended petition it is alleged that the conveyance was made either by mutual mistake or by fraud on the part of the parties to the deed. The prayer of the petition as amended is for reformation of the deed so as to convey only the surface and to exclude the minerals thereunder, and that L. E. Morris and his wife be

required to set up any claim that they may have to the tract of land or the mineral rights therein. A demurrer to the petition as amended was sustained, and, plaintiffs declining to further plead, it was adjudged that their petition be dismissed, and they have appealed.

The record does not disclose the chancellor's reasons for sustaining the demurrer to the petition, but it is stated in briefs that it was sustained on the theory that the cause of action attempted to be set up was barred by limitation.

It is insisted by counsel for appellant that a plea of the statute of limitation is a personal one, and cannot be raised by demurrer, and, to be available to the party relying thereon, must be pleaded.

In the case of Lyttle v. Johnson et al., 213 Ky. 274, 280 S. W. 1102, where it was insisted that the question of limitation could be raised by demurrer, it was pointed out that some of the earlier cases supported that contention, while, on the other hand, many others held to the contrary view, and on this conflict of opinions it was said:

"Finally in Baker v. Begley, 159 S. W. 691, 155 Ky. 234, this court took note of this confusion in the authorities, and there emphatically stated that, whatever may have been the rule announced in some of the earlier decisions, it was then firmly established that limitations must be pleaded, and the question cannot be raised by demurrer. Since the Baker case, we have steadily adhered to its doctrine. Klineline v. Head, 266 S. W. 370, 205 Ky. 644; Middleton v. Commonwealth, 254 S. W. 754, 200 Ky. 237; Adams v. Bates, 231 S. W. 238, 191 Ky. 710; Merritt v. Cravens, 181 S. W. 970, 168 Ky. 155, L. R. A. 1917F, 935; Hackett v. State Bank & Trust Co., 159 S. W. 952, 155 Ky. 392; Smith v. Young, 198 S. W. 1166, 178 Ky. 376; Davidson v. Ky. Coal Lands Co., 201 S. W. 982, 180 Ky. 121."

There is an exception to this general rule which is thus tersely stated in the case of Forman v. Gault, 236 Ky. 213, 32 S. W. (2d) 977, 979:

"Although limitations generally must be pleaded and may not be raised by demurrer (Baker v. Begley, 155 Ky. 234, 159 S. W. 691; Rowe v. Blair,

221 Ky. 685, 299 S. W. 571), the rule respecting an action for relief from fraud brought more than five years after the fraud was perpetrated is that the plaintiff must allege facts to excuse the delay or he fails to state a cause of action (Gragg v. Levi, 183 Ky. 182, 208 S. W. 813; Brown v. Brown, 91 Ky. 639, 11 S. W. 4, 12 Ky. Law Rep. 280; Woods v. James, 87 Ky. 511, 9 S. W. 513, 10 Ky. Law Rep. 531; Fritschler v. Koehler, 83 Ky. 78; Dorsey v. Phillips, 84 Ky. 420, 1 S. W. 667, 8 Ky. Law Rep. 405; Graham v. English, 160 Ky. 375, 169 S. W. 836; French v. Bowling, 85 S. W. 1182, 27 Ky. Law Rep. 639; Low v. Ramsey, 135 Ky. 333, 122 S. W. 167, 135 Am. St. Rep. 459; Stillwell v. Leavy, 84 Ky. 379, 1 S. W. 590, 8 Ky. Law Rep. 321).''

Seeking to avoid the effect of the statute, it is insistently argued by counsel for appellants that appellees are estopped to plead and rely upon the statute of limitation because of the acts and conduct of themselves and Mrs. Ford in fraudulently procuring a deed to be made to her, including the minerals and mineral rights, and in keeping that fact concealed from appellants; and further that this case comes within the saving provisions of section 2543, Ky. Statutes, in that the power and authority vested in the executor in the will constitutes and is a continuing and subsisting trust as contemplated by that section. The only affirmative act of fraud alleged is in including in the deed the mineral rights when only the surface of the land should have been included. All other acts or conduct tending to establish fraud or from which an inference of such may be drawn is of a negative character, and discloses merely that the grantee failed to give notice or information to appellants as to the character of the conveyance to her. We find the general rule to be that, where the basis for a claimed estoppel is silence or omission to give notice, the party relying thereon must have been without actual knowledge of the true state of facts, and without means of acquiring such knowledge, as by reference to public records. 10 R. C. L. 693, 694.

In the case of Wood v. Carpenter, 101 U. S. 135, 141, 25 L. Ed. 807, it is said:

''A party seeking to avoid the bar of the statute on account of fraud must aver and show that he used

due diligence to detect it, and if he had the means of discovery in his power, he will be held to have known it. Buckner v. Calcote, 28 Miss. 432, 434. See also Nudd v. Hamblin, 8 Allen (Mass.) 130.''

Neither the original petition nor any of the four amendments disclose diligence upon the part of appellants to learn of the alleged fraud or that they ever made any inquiry about, or attempted to assert any right to, the minerals under the Barrett Hill tract; nor do they allege any acts or conduct upon the part of Mrs. Ford or appellees that lulled them into a sense of security or caused them to refrain from asserting their alleged claims. Although they allege that they were present at the sale and heard the public announcement that the minerals under the Barrett Hill tract were reserved (no notice of this reservation, however, was carried in the handbills), the petition is silent as to any effort on their part to ascertain, or by inquiry or examination of public records to determine, what, if any, disposition had been made of the mineral rights in these lands. It clearly appears that appellants' alleged cause of action was not so concealed by Mrs. Ford or by appellees that they could not have discovered it, since the deed was put to record more than five years before the institution of this action.

As pointed out in the case of Johnson v. Fetter, 224 Ky. 788, 7 S. W. (2d) 241, 246,

"One so situated may not sit supinely by and exercise no diligence to discover the [alleged] wrong perpetrated upon him."

Argument that this case presents a subsisting and continuing trust which is exempted from the operation of the statute of limitations is equally lacking in merit. While this court has regarded the administration of estates as a trust, it has been held that it is not a continuing trust against which the statute will not run. Prewitt et al. v. Morgan's Heirs (Ky.) 119 S. W. 174; Robinson's Committee v. Elam's Exr., 90 Ky. 300, 14 S. W. 84, 12 Ky. Law Rep. 271.

In Robinson's Committee v. Elam's Exr., supra, it was said:

"The trusts intended to be embraced by the statute, and to be excepted out of the limitation, are

those of an exclusively equitable character, where the trustee has a right to hold the estate, and the cestui que trust has no right to sue for it."

Certainly there is nothing to bring this case within the saving provision of section 2543 of the Statute. We have carefully examined all authorities cited by counsel on this question, and find nothing supporting the contention made.

It is urged as a ground for reversal of the lower court's judgment that this transaction comes within the rule forbidding an executor to acquire directly or indirectly any interest in his own right in any part of an esstate which he is administering.

The land was sold at public auction to the highest bidder, and obviously Mrs. Ford offered more than any of the other heirs at law or the prospective purchasers were willing to pay. There is no showing that her bid was less than the real value of the property and nothing to indicate that the transaction was not attended by the utmost good faith, or that the executor paid any of the purchase price or had any interest whatever in the purchase made by his wife. The rule invoked has no application in such circumstances.

Argument made by appellants that the greater portion of the land in controversy lays in McLean county and that the deed should have been recorded in that county is not supported by their own pleading.

Judgment affirmed.