## Markwell et al. v. Kahlkoff.
(Decided March 5, 1935.)

C. P. BRADBURY for appellants.

JOHN IRICK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Charles Kahlkoff brought this suit to recover on a promissory note for $636, executed and delivered to him by J. R. Markwell and Albert Markwell on January 2, 1932, and payable six months from date, with interest at the rate of 6 per cent. The Markwells filed an answer and counterclaim. Motions to make more definite and to strike were overruled. A demurrer was sustained to the first paragraph of the answer and counterclaim, and overruled as to the second paragraph. Thereupon the defendants, the Markwells, filed an amended answer and counterclaim. The de-

murrer thereto was overruled. Later on the order overruling the demurrer was set aside, and the demurrer to the first paragraph of the answer as amended was sustained. Then the Markwells tendered a second amended answer, counterclaim, and set-off. Plaintiff filed a reply to paragraph 2 of the original answer and counterclaim. The motion to file the second amended answer, counterclaim, and set-off was overruled. A rejoinder was then filed to the second paragraph of the reply, and a demurrer was filed to the rejoinder and sustained. Judgment on the petition was then rendered, and the defendants have appealed.

It is first insisted that the court erred in sustaining the demurrer to the first paragraph of the amended answer and counterclaim. In the first paragraph the original answer and counterclaim asserted a counterclaim of $1,535 for the use and occupation of a room which plaintiff rented from J. R. Markwell in the year 1911, and occupied until the year 1933. It was alleged that at the time the room was rented plaintiff promised and agreed to pay J. R. Markwell a reasonable rental therefor, and that $60 per year was a reasonable rental. In the first paragraph of the amended answer and counterclaim it was alleged that plaintiff made frequent promises to pay the rent on the room, and that at no time during the occupancy and use of the room by plaintiff had as much as five years elapsed between the making of such promises, and that he had promised to pay them the rent within five years next before the filing of the answer and counterclaim.

Clearly the first paragraph of the answer and counterclaim as amended was not demurrable on the ground that the claim for rent was barred by limitation. Though, formerly, it was held that a demurrer should be sustained where the petition showed on its face that the action was barred, Johnson v. Robertson, 45 S. W. 523, 20 Ky. Law Rep. 135; Bradford v. Bradford, 43 S. W. 244, 19 Ky. Law Rep. 1245, it is now the settled rule that, with certain exceptions not here material, the statute must be pleaded, and the question of limitation cannot be raised by demurrer. Davie's Ex'r v. City of Louisville, 159 Ky. 252, 166 S. W. 969; Davidson v. Kentucky Coal Lands Co., 180 Ky. 121, 201 S. W. 982; Baker v. Begley, 155 Ky. 234, 159 S. W. 691; Lyttle v. Johnson, 213 Ky. 274, 280 S. W. 1102.

Equally untenable is the claim that the contract sued on falls within the statute of frauds, providing that no action shall be brought to charge any person upon any agreement which is not to be performed within one year from the making thereof, unless the agreement or some memorandum thereof be in writing and signed by the party to be charged or his authorized agent. Ky. St. sec. 470, subd. 7. According to the answer and counterclaim as amended, plaintiff actually occupied the room during all the time for which rent is sought to be recovered, and the rule is that the statute has no application to a contract which, though indefinite as to time of performance, is capable of being performed by one of the parties within a year, and is so performed. Dant v. Head, 90 Ky. 255, 13 S. W. 1073, 12 Ky. Law Rep. 153, 29 Am. St. Rep. 369; West v. King, 163 Ky. 561, 174 S. W. 11. However, the demurrer was properly sustained on another ground. The cause of action pleaded as a counterclaim did not arise out of the contract or transaction stated in the petition as the foundation of the plaintiff's claim nor was it connected with the subject of the action, and, where that is the case, it is not available as a counterclaim. Civ. Code Prac. sec. 96; Thomson v. Baird's Ex'rs, 231 Ky. 574, 21 S. W. (2d) 979.

After the demurrer was sustained to the amended answer and counterclaim, the defendants filed a second amended answer, counterclaim, and set-off, which the court refused to permit them to file. In this pleading defendants averred that plaintiff used and occupied the room on defendants' premises for storage purposes from April 1, 1911, until April 1, 1933, and repeatedly promised to pay a reasonable sum therefor, which was $5 per month, or a total of $1,320, which sum and interest they asked to be set off against the note sued on. As the action was upon a contract, and the cause of action pleaded by the defendants arose upon a contract, whether express or implied, it, though not available as a counterclaim, was available as a set-off, Civ. Code Prac. sec. 96, subd. 2; Brown v. Phillips, 3 Bush, 656; Arthurs v. Thompson, 97 Ky. 218, 30 S. W. 628, 17 Ky. Law Rep. 118; and, the pleading not being demurrable on the ground that the cause of action pleaded as a set-off was barred by limitation, or was within the statute of frauds, or was insufficient on any

other ground, it was an abuse of discretion not to permit the pleading to be filed.

Paragraph 2 of the original answer and counterclaim presented the defense that plaintiff had had the note sued on and other notes for which it was a renewal in his possession since 1923, and at no time had he listed for taxation the note or notes for which it was a renewal, and that by reason thereof he could not recover. In paragraph 2 of the reply plaintiff pleaded that he listed the note for taxation for the year 1932 with the tax commissioner of Jefferson county and paid the tax thereon on May 10, 1933, as shown by his tax schedule and the sheriff's receipt filed with the reply. He further pleaded that he duly listed the note for taxation in Jefferson county, Ky., for the year 1933, and filed and made a part of his pleading a certified copy of his schedule.

Section 4019a-13, Ky. Stats., provides:

"In addition to the penalties provided in the preceding section, failure to list any note or bond shall be a bar to any action upon the same in any court and may be pleaded as a complete defense. But the holder thereof may at any time pay all taxes, penalties and accrued interest and thereupon be relieved from the defense above provided."

It is insisted that, considered in connection with paragraph 2 of the original answer and counterclaim, the allegations of the reply were not sufficient; it being argued that, if any preceding note for which the note sued on was a renewal was not listed for taxation, there could be no recovery on the note sued on. The statute makes failure to list any note or bond "a bar to any action upon the same." It deals with the note sued on and not with any prior note or notes of which it may be a renewal, and no reason is perceived why the statute should be extended by implication beyond the clear import of the language used. The note sued on having been executed and delivered on January 2, 1932, it was not in existence prior to that time, and, it appearing from the allegations of the reply and the exhibits filed therewith that plaintiff had listed the note for taxation in the year 1932, and paid the taxes thereon on May 10, 1933, and had also listed the note for taxation

in the year 1933, it follows that paragraph 2 of the reply was sufficient and that the demurrer thereto was properly overruled.

Judgment reversed, and cause remanded for proceedings not inconsistent with this opinion.