JAMES W. MORSE AND DANIEL W. PERKINS v. SAMUEL BYAM.

*Foreclosure by advertisement—Void sale—Transfer by mortgage—Estoppel—Ejectment against one rightfully in possession.*

1. A foreclosure sale in a proceeding by advertisement is void if one advertisement is made to cover two mortgages in which the descriptions were not identical, and if the mortgagee has both parcels struck off to himself on one bid and for one gross sum.

2. A tenant cannot, by buying in a title adverse to his landlord's relieve himself of the obligations of his tenancy; and if he does so and repudiates the tenancy the landlord can disposssess him.

3. A mortgagee who buys in the property on foreclosure by advertisement can only convey the rights of a mortgagee if the foreclosure should turn out to be invalid; and his rights as mortgagee would entitle him to proceed to a foreclosure in equity.

4 The statutory provision that the mortgagee of land is not entitled to possession until after foreclosure is for the mortgager's benefit, and he can waive it by permitting the mortgagee to take possession, and such consent would be good until revoked.

5. Where the holder of the legal title to land acts as the conveyancer and acknowledging officer in a transfer thereof made by an adverse claimant, he acquiesces in such transfer to the extent, at least, of recognizing the grantee's rights to whatever interest his grantor had; and so long as such interest is outstanding he cannot bring ejectment against such grantee.

6. Ejectment cannot be maintained against one who, for the time being, is rightfully in possession.

7. Judgment will not be reversed, where, notwithstanding error in the charge, the result could not have been different.

Error to Genesee. (Newton, J.) Jan. 7.—Jan. 14.

EJECTMENT. Plaintiffs bring error. Affirmed

*Holden & Harris* for appellant.

*Long & Gold* for appellees.

COOLEY, C. J. This is an action of ejectment to recover two forty-acre lots of land in the township of Montrose, Genesee county.

The two lots were purchased of the Government by Dudley Gilman in 1854. In 1866, Gilman sold and conveyed them to his son William, who two years later sold and conveyed to the plaintiff Morse. Morse leased the land to one Cole who went into possession, but five or six years later repudiated the tenancy, and notified Morse he had purchased the land of one Cotharin. Morse took no action at the time to enforce his rights against Cole, but in 1880 he

deeded an undivided half of the lots to the other plaintiff, Perkins, and the two afterwards united in bringing this suit.

The defendant claims title as follows: In March, 1868, while William Gilman was owner, he mortgaged one of the two lots to Edward Clark for one hundred dollars. Clark subsequently assigned the mortgage to Cotharin. The plaintiff Morse, when he bought of William Gilman, gave back a mortgage of the two lots for $136.04, and this mortgage also was assigned to Cotharin. Some question is made of the sufficiency of the proof of these assignments, but we think without sufficient reason.

While Cotharin held the two mortgages he undertook to foreclose the same under the power of sale contained therein, and for that purpose united the two in one advertisement of sale, and caused both parcels to be struck off to himself on one bid and for one gross sum. As one of the mortgages covered but one of the parcels of land this was clearly irregular. There were other irregularities, but they need not now be mentioned, as the one specified was fatal to the foreclosure. Cotharin, however, claimed title under these proceedings, and on August 26, 1872, sold and conveyed the land to Cole, the tenant of Morse. Cole from that time until December 1879, occupied the land to the knowledge of Morse, claiming to be owner, and then sold to defendant Byam, for the sum of fourteen hundred dollars, of which Byam paid two hundred dollars down. The bargain was that Byam was to take the land subject to a mortgage of twelve hundred dollars to Cotharin; and Morse being a justice of the peace, Byam employed him to draw the papers on this sale. He did draw them, and took the acknowledgment of Cole to the conveyance, with full knowledge that Byam was purchasing and Cole was conveying the same land which he, Morse, had formerly owned. This is testified by himself very fully and frankly, and he also testifies that he did not at the time make any claim to the land himself, or apprise Byam that Cole was not the owner.

The circuit judge in summing up the case to the jury

stated the facts and his own view of the law on this part of the case as follows:

"It appears from the proofs that the defendant here is a bona fide purchaser of the property, and that he bought relying upon the title of Cotharin; that he paid somewhere in the neighborhood of $1400 for it, paying down a portion of the money at the time the deed was given to him, and giving back a mortgage for some $1200, which he afterwards paid. It further appears that during all that time the plaintiff Morse knew—in fact knew when the defendant bought of Cole—that he was to buy the property and pay so much for it, and that no objection was made by him, and no claim of irregularity or invalidity in the proceedings was urged by him against the foreclosure; that he drew the deed; that he took the acknowledgment; that he was silent; that he made no objection and no disclosure of any claim of irregularity in the proceedings. I therefore charge you, gentlemen, that the sale under the two mortgages may have been irregular, and perhaps may have been regarded void if proper proceedings had been taken with reasonable diligence by the plaintiff Morse to investigate the proceedings and to have them set aside. But if Morse was informed of Cotharin's proceedings to foreclose the mortgages, and of Cotharin's claim to the title of this land, and claim of right to convey the same, and of his dealings with the title as his own; also that he had sold the same to Cole, who Morse claimed was his tenant, and if he knew the defendant was about to purchase and pay $1400 for the property, part cash and part on a mortgage, and if he drew the deed from Cole to the defendant knowing that Cole had no other title than that which Cotharin had acquired by the foreclosure, and if at that time he had abandoned the land and suffered Byam to purchase it relying upon the validity of Cotharin's title; and if the plaintiff Morse at that time made no claim to the land,—defendant would be warranted in believing that Morse had assented to the regularity and validity of the foreclosure proceedings, and had waived any objections to their irregularity. While his silence would not operate to make such proceedings regular, or to transfer the legal estate out of him, yet his conduct would estop him from showing an irregularity in the foreclosure proceedings as against the defendant purchasing in good faith and for a valuable consideration. And his silence until the defendant had made full payment, and without notice to Byam, would place him in such a position that he would not be entitled to recover

as against Byam.   And if it was true that Cole was his ten-
ant, and if the proceedings turned out to be invalid, the
defendant coming in under Cole would be entitled to notice
to quit before an action of ejectment could be maintained
against him."

Under this instruction the jury returned a verdict · for the
defendant.

Whether the instruction was strictly accurate in all partic-
ulars it is not necessary for us to determine, because we think
under the undisputed facts of the case the verdict should
have been what it is, and the error, if there was any, was
harmless.   A brief recapitulation of some of the leading
facts in the case will make this apparent.

Cole, when occupying the land as tenant of Morse, could
not, by buying in an adverse title, relieve himself of the obli-
gations of his tenancy; and when he purchased the rights of
Cotharin and repudiated the tenancy, Morse, had he seen fit
to do so, might undoubtedly have dispossessed him.   *Ryer-
son v. Eldred* 18 Mich. 12; *Fuller v. Sweet* 30 Mich. 237;
*Bertram v. Cook* 32 Mich. 518; *Jochen v. Tibbells* 50 Mich.
33.   But the conveyance by Cotharin to Cole would have
transferred whatever rights the former had in the land; and
these, after the invalid foreclosure, were simply the rights
of a mortgagee: *Gilbert v. Cooley* Walk. Ch. 494; *Nims v.
Sherman* 43 Mich. 45; *Baldwin v. Cullen* 51 Mich. 33.   As
mortgagee he would be entitled to proceed to a valid fore-
closure in equity if occasion should require it.   *State Bank
v. Chapelle* 40 Mich. 447; *Vary v. Chatterton* 50 Mich. 541.

By statute in this State the mortgagee of lands is not en-
titled to possession until after foreclosure.   *Caruthers v.
Humphrey* 12 Mich. 270; *Newton v. Sly* 15 Mich. 391;
*Newton v. McKay* 30 Mich. 380; *Wagar v. Stone* 36 Mich.
364; *Lee v. Clary* 38 Mich. 223.   But this is a provision for
the benefit of mortgagors, and they are not obliged to insist
upon it.   If in mortgaging their lands they give a deed
which in form is absolute, they thereby convey the right to
possession: *Bennett v. Robinson* 27 Mich. 26; *Jeffery v.
Hursh* 42 Mich. 563; and consent to the mortgagee taking

possession, which would be good until revoked, might be given without any waiting whatever, and as informally as possible.

In this case it was not shown that Morse assented to the possession of Cole after the purchase from Cotharin; but he took no steps to terminate it. And when during the continuance of that possession, he consented to be employed by defendant to draft papers on a purchase of the land by defendant from Cole, and did draft and take the acknowledgment of papers whereby Cole professed to transfer the title and did actually transfer the possession of the land for full value to defendant,—this assistance in the sale and transfer without interposing any claim to the land on his own behalf, cannot be regarded as anything short of an assent by Morse that defendant should receive the possession that Morse was assisting to transfer to him. And when defendant thus took possession, he must be deemed to hold it for the time being rightfully, and with at least the rights which Cole had, namely, those of mortgagee. Whether he could retain such possession until redemption had been made we need not consider, as it is not pretended that anything has been done to put defendant in the wrong since his possession began. His possession is therefore still rightful, and this suit cannot be maintained. *Reading v. Waterman* 46 Mich. 107.

The judgment will be affirmed and the record remanded.

The other Justices concurred.