## Jones Colliery Company, et al. v. Hall.

(Decided June 24, 1927.)

### Appeal from Floyd Circuit Court.

Estoppel.—Where person, jointly owning land with his brother, as deputy county clerk, took acknowledgment of his brother and wife to deed conveying all minerals in the land by covenant of general warranty, and at suggestion of his brother, the grantor, interlined the deed by writing in a covenant prohibiting grantee from opening any mines within 200 feet of residence, and also witnessed signatures of grantors and accepted check for one-half of amount paid by grantee, and further failed to make any claim to the property for over 18 years, he was estopped to then assert any interest in the mineral rights so conveyed.

JOSEPH D. HARKINS for appellants.

C. B. WHEELER for appellee.

Opinion of the Court by Judge McCandless—Reversing.

On the 9th day of January, 1899, F. C. Hall et al. conveyed the fee in 48 acres of land to I. N. Hall and Lee Hall, the stated consideration being $300. This deed was duly executed and acknowledged, but was not lodged for record until the 1st day of December, 1903, being recorded on the 12th day of January, 1904. On the 6th day of December, 1907, Lee Hall conveyed his interest in the above-described land to his brother, Isaac N. Hall. This deed was duly executed on the date mentioned and recorded on the 19th day of June, 1908. In the meantime, on the 12th day of December, 1902, Lee Hall and his wife, in consideration of $120, conveyed all of the minerals in the above-described land to Walter S. Harkins, by covenant of general warranty. At that time I. N. Hall was deputy county clerk, and as such clerk took the acknowledgment of Lee Hall and his wife to that instrument. At the suggestion of Lee Hall, I. N. Hall interlined the deed by writing therein a covenant prohibiting the grantee from opening any mines within 200 feet of the residence, and also witnessed the signatures of the parties grantors to the deed. It further appears that a check given by W. S. Harkins for $59, or one-half of the consideration, was received by I. N. Hall, indorsed by him, and placed to

his credit in the bank. It does not appear that W. S. Harkins had any actual notice of I. N. Hall's claim; and for 18 years after his purchase from Lee of the mineral interests above described, so far as this record shows, no one raised any question as to the validity of his title. Walter S. Harkins died in February, 1920, and in the fall of that year his heirs leased the mineral interests in various tracts of land, including the one in question to the Jones Colliery Company. That company began operation on lands adjoining the tract in controversy. Later, Hall brought suit against it and the Harkins heirs, setting up claim to one-half of the minerals in the above-described tract, alleging that it was divisible, and seeking to have the interest claimed by him set off alongside his other lands. The defendants traversed the allegations of the petition; pleaded the statute of limitation; alleged that the land was indivisible, and introduced proof to that effect; also pleaded and relied upon the above facts as an estoppel. The court adjudged plaintiff to be the owner of one-half of the minerals described, but held the land to be indivisible and ordered a sale and division thereof. The defendants appeal.

The proof sustains the above allegations of fact. As thus disclosed, appellee's conduct during the period mentioned was so clearly inconsistent with his present claim of ownership that we deem a discussion of the legal questions unnecessary. If an estoppel could exist in any case, we think it was fully established in this one. Equitable Loan & Security Co. v. Lewman, 124 Ga. 190. 52 S. E. 599, 3 L. R. A. (N. S.) 879; Georgia P. Ry. Co v. Strickland, 80 Ga. 776, 6 S. E. 27, 12 Am. St. Rep. 282; Stevens v. Denett, 51 N. H. 324; Miller v. Bingham, 29 Vt. 82; Gheen v. Osborne, 11 Heisk. (Tenn.) 61; Morse v. Byam, 55 Mich. 594, 22 N. W. 54; Baker v. Humphrey, 101 U. S. 494, 25 L. Ed. 1065; Foster v. Shreve, 6 Bush (Ky.) 519; Va. Iron, Coal & Coke Co. v. Campbell (Ky.) 105 S. W. 129; Trimble v. King, 131 Ky. 1, 114 S. W. 317, 22 L. R. A. (N. S.) 880; Bright v. Bacon & Sons, 131 Ky. 848, 116 S. W. 268, 20 L. R. A. (N. S.) 386; Power Grocery Co. v. Hinton, 187 Ky. 171, 218 S. W. 1013; Stark v. Petty Bros., 195 Ky. 445, 243 S. W. 50; Scottsville Oil Co. v. Dye Bros., 203 Ky. 496, 262 S. W. 615; Saylor v. Ky. Cardinal Coal Corp., 205 Ky. 724, 266 S. W. 388; Patton v. Catlettsburg National Bank, 200 Ky. 775, 255 S. W. 690. It follows that the court should have quieted

appellant's title to the whole of the minerals in the described tract. An issue was also raised at to the boundaries of certain other lands. This seems to have been decided in favor of appellant. No cross-appeal has been taken, and this opinion is confined to the issues here involved, and none other is considered.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.