## McCREARY v. SIZEMORE et al.

Court of Appeals of Kentucky.
March 14, 1952.

T. T. Burchell, Manchester, for appellant.

Roy W. House, Manchester, for appellees.

STEWART, Justice.

B. P. McCreary died intestate in Clay County, survived by a widow, Sabie McCreary, and four children, all of legal age, whose names are: George McCreary, Loyd McCreary, Brack McCreary and Bessie McCreary Golden. The record shows that B. P. McCreary inherited as an heir-at-law a one-fourth interest in a tract of land known as the "William McCreary home place", hereinafter called the "home place". The remaining three-

fourths interest in this tract was acquired by purchase under two conveyances on November 17, 1907, and in both deeds Sabie McCreary and her husband, B. P. McCreary, are designated as grantees in the caption. The two instruments will be examined later on in detail, as there is a contention that Sabie McCreary did not become a joint and equal owner of the property conveyed to her and her husband. Three additional tracts of land were subsequently acquired by B. P. McCreary and Sabie McCreary. In two of the deeds the land was conveyed to them jointly and equally and in the other the ground was deeded to B. P. McCreary individually. All five deeds had been on record many years before this litigation arose. In none of the conveyances above mentioned is the description of any tract set forth by metes and bounds, and no acreage is given in any deed. The five tracts form one contiguous boundary of from 500 to 750 acres of mountain land, from which the merchantable timber has been removed. Only a small acreage of the farm which is bottom land may be cultivated.

On the 18th day of August, 1941, the children mutually agreed upon a division of the land of Sabie McCreary and her deceased husband, and all of them, together with their spouses, joined in deeds back and forth to each other. The widow did not then convey, and has not since conveyed, any of her interest in any of the above tracts to any person. Nor has dower or homestead been allotted to her out of the real estate of her deceased husband. We have nothing in this suit by way of conveyances, surveys, maps or evidence that reveals in any respect what sort of division the children made among themselves. It is appellee's contention, and there is vague proof to indicate it, that Sabie McCreary was left in possession of one-third of the land, but there is not even a hint as to where it is located with reference to the boundary as a whole. According to her testimony, she did not interfere with the division of the farm among the heirs-at-law because, as she stated, the children agreed that it would be left to "me to do as I pleased

with the land as long as I live and it was not to be sold as long as I lived."

On April 3, 1943, George McCreary and his wife sold and conveyed to appellees, Jack Sizemore and Gertrude Sizemore, his wife, the part deeded to him by his two brothers and sister in the division of the land. On April 15, 1950, Brack McCreary, together with his wife, sold and conveyed to the same grantees the part of the land conveyed to him. Appellees paid the two sons of appellant $2300 and they still owe Brack McCreary $500 for the purchase price of his ground. They have also spent $1000 in making improvements on the two tracts, which improvements, according to Jack Sizemore, were wholly made on the tract bought from George McCreary. The testimony as a whole seems to develop the fact that the property bought by the Sizemores lies within the confines of the home place.

This suit was instituted by Sabie McCreary on May 20, 1950, to have declared null and void the alleged division by her children of the property owned by her and her deceased husband, claiming such was done without her will or consent; to have Jack Sizemore and Gertrude Sizemore adjudged to be trespassers; and to enjoin them from claiming, in the words of the prayer of the petition, "other than a remainder interest of the heirs of George and Brack McCreary in the land." Finally, the petition prayed that all the land be sold for a division of the proceeds among the persons entitled thereto according to their interests.

The heirs-at-law of B. P. McCreary, although made parties defendant to the suit, interposed no defense thereto. Jack Sizemore and Gertrude Sizemore by separate answer admitted the conveyance to them of the property by George and Brack McCreary and by counterclaim asked that the whole tract be partitioned among the joint owners thereof in accordance with their respective interests therein, but that the land be laid off so as to allot to them the property on which they have placed improvements. They averred that Sabie McCreary had never acquired more than a

dowable interest in the tract known as the home place. The answer further alleged facts that amount to a plea of estoppel.

The Chancellor entered a judgment dismissing the petition. The conveyances from Brack and George McCreary and their wives to the Sizemores were decreed valid for the reason, in brief, that Sabie McCreary had consented to and acquiesced in the division of the lands by her children and that, subsequently, she had stood by and permitted the Sizemores to purchase and pay $2300 on the property deeded to them and that thereafter she had remained silent while they made permanent and lasting improvements on the land of the value of $1000, with the result that she thereby became estopped from claiming any title or other interest in and to the land conveyed to the Sizemores. Aside from this adjudication by the Chancellor, the arrangement that had been worked out by the children was left in statu quo.

Sabie McCreary has appealed, contending that the Chancellor erred in adjudging: (a) that she had obtained no more than a marital interest in the home place by virtue of the conveyance of the two tracts to her and her deceased husband on November 17, 1907; and (b) that she was estopped to claim any interest whatsoever in the two tracts conveyed to Jack Sizemore and his wife, Gertrude Sizemore, by her two sons and their wives. We shall discuss these two complaints in the order named.

As we have said, a three-fourths interest in the home place was acquired from John McCreary and George McCreary, brothers of B. P. McCreary. In both deeds Sabie McCreary and B. P. McCreary are named as grantees in the caption. In the deed from John McCreary and his wife, Mandy McCreary, the granting clause reads that "party of the first part * * * do hereby sell and convey to party of the second part their heirs and assigns * *." Then, before the description, we have this sentence: "I do sell and convey to Bevley McCreary (the same person as B. P. McCreary) my entire interest in my fathers farm * * *." The habendum clause is as follows: "To have and to hold the same * * * unto party of the second part, their heirs and assigns * * * and the said party of the first part hereby covenants with said party of the second part that they will warrant the title * * * hereby conveyed unto said party of the second part * * *." In the conveyance from George McCreary and his wife, Susan McCreary, the language of the granting clause is identical with that in the John McCreary deed. These words, however, are inserted after the description: "I, George McCreary I do sell and convey to Bev. McCreary my entire interest * *." The habendum clause in this deed is simply: "To have and to hold the same * * to the second party, heirs and assigns * * *."

We believe the grantors expressly intended Sabie McCreary to be a joint and equal owner in each conveyance. The fact that her name appears in the caption of both instruments rebuts any presumption to the contrary. We have also observed that "party of the first part" and "party of the second part" are employed in a plural sense throughout each deed. Therefore, when the granting clause in each conveyance recites that "party of the first part do * * * hereby sell and convey to party of the second part their heirs and assigns" the property in controversy, we have no doubt that the title thereto vested jointly and equally in Sabie McCreary and her deceased husband.

We are also of the opinion that estoppel will not lie against appellant because proof is lacking that appellant's conduct misled appellees at the time they purchased the two parcels of property. Let us examine the evidence of appellant and Jack Sizemore, the only two witnesses who testified on this subject. Appellant's deposition discloses that when the Sizemores moved on the tract she complained to them and went to see the county judge to request the latter "to put him (Jack Sizemore) out the next year." The year the Sizemores took possession of the land in controversy, she had the ground rented, she said, but she stated that her son, Brack, and Jack Sizemore prevented a crop of corn and tobacco from being raised by

her tenants on this land. She also testified that when the Sizemores began to improve the land claimed by them by erecting their residence she protested. We do not find in the record that appellant's evidence, as we have summarized it, was ever refuted. Jack Sizemore testified that when he bought the two tracts he "did not know that Sabie McCreary had any title or claim to it in any way." On cross-examination, he admitted that soon after he acquired the property from George McCreary he had "some kind of suit" with appellant in county court. In this connection, he was asked this question: "Was she then trying to get you out of possession of the property which you bought from George?" His answer was "Yes". Then this question was propounded to him: "Now after you had this suit in the Clay County Court with Sabie McCreary over the George McCreary tract, you later bought the Brack McCreary tract?" He replied: "Yes, Brack guaranteed me no trouble out of his mother."

As we interpret the proof, we are unable to read into this case that appellant ever at any time consented to or acquiesced in the conveyance of the property in litigation by George and Brack McCreary to appellees. On the contrary, appellant not only brought home to the Sizemores actual notice of her title and claim to the two tracts but she has disputed and contested the exercise of their rights of ownership over the property down to this moment. Nor can appellees avail themselves of the plea that at the time they bought out George McCreary, they had no knowledge of the claim or interest of appellant in the property. Aside from actual notice they were placed on constructive notice of appellant's vested and dower interests in the property by the public records. See Cherry Bros. v. Tennessee Cent. Ry. Co., 222 Ky. 79, 299 S.W. 1099; Saylor v. Kentucky-Cardinal Coal Corp., 205 Ky. 724, 266 S.W. 388, 50

A.L.R. 666; and 31 C.J.S., Estoppel, § 90, p. 309. Cox v. Simmerman, 243 Ky. 474, 48 S.W.2d 1078, 1080, applies in every respect to the facts of this case when it employed this language: "We find the general rule to be that, where the basis for a claimed estoppel is silence or omission to give notice, the party relying thereon must have been without actual knowledge of the true state of facts, and without means of acquiring such knowledge, as by reference to public records."

Our review of the facts of this case forces us to the conclusion that the Chancellor was in error in adjudging that Sabie McCreary had no vested interest in the home place and that she is estopped to assert any claim of any character in and to the land conveyed to the Sizemores. It follows that either the entire boundary should be sold, in accordance with the prayer of appellant's petition, and the proceeds of the sale divided among the persons entitled thereto as their interests may appear, or that the whole tract should be partitioned, as requested by appellees in their answer. The proof gives us no guide as to which course should be followed, so that the Chancellor must work out this problem. In either event appellant should receive or be allotted her share in the land in which she owns an undivided one-half interest and, in addition, she should be awarded her dower rights in the land of her deceased husband. Likewise, appellees should be paid or have set apart to them the share George and Brack McCreary inherited from their father. If the land be partitioned, appellees should be given the portion they have improved, provided such a division can be made with due regards to the interests that others have in the property.

Wherefore, the judgment is reversed for proceedings not inconsistent with this opinion.