**WILLIAMS et al. v. WILLIAMS et al.**

Court of Appeals of Kentucky.

June 12, 1953.

N. F. Harper, Scottsville, for appellants.

W. D. Gilliam, Scottsville, for appellees.

CAMMACK, Justice.

This appeal is from a judgment holding J. B. (Jim) Williams to be the owner in fee of a tract of land conveyed to him in October, 1903. J. B. Williams was married three times. The appellant and plaintiff below is the son of Aubrey Williams, who was the only child of J. B. Williams' second wife, Ader Williams. James E. Williams instituted this action asserting an interest in the land through his mother. J. B. Williams died before he testified in the case.

The controversy can best be understood by a recitation of the caption, the granting clause and the habendum clause of the deed of 1903.

"This Deed between M. W. Williams and wife, Ida F. Williams of the County of Allen and State of Kentucky, of the first part and J. B. Williams and wife, Ader Williams of the county and state of the second part,

"Witnesseth, that the said parties of the first part * * * do hereby sell, grant and convey to the party of the second part, his heirs and assigns the following described property, viz. * * *

"To Have and to Hold the same with all the appurtenances thereon to the second party, his heirs and assigns forever, with covenant of General Warranty."

As pointed out by the chancellor in his memorandum opinion it should be noted that the grantors are referred to as "the said parties of the first part," while the grant is to "the party of the second part, his heirs and assigns." Likewise, the habendum clause reads in the singular. The construction of a deed such as the one in question must be governed by the intention

of the parties, and this intention must be gathered from the instrument as a whole.

The chancellor pointed out also that, if there is any ambiguity in the language in the instrument, the court may resort to the circumstances surrounding its execution and consider also the acts of the parties following its execution. The following paragraphs in the chancellor's opinion set forth his views on the whole case, and reflect his reasons for ruling as he did:

"Although the name of the wife is inserted in the caption, yet the language of the granting clause as well as the habendum indicates clearly to my mind that the party of the second part referred to is singular and sole and that that party is masculine. If I give any emphasis at all to the use of the word 'his' in the two clauses above mentioned, I can reach no other conclusion.

"I am able to reach this conclusion from an inspection of the deed itself, but if it was necessary to resort to a consideration of the acts of the parties, I would not be shaken in this conclusion. Jim Williams occupied this land from 1903 until his death in 1951, or a period of about forty-eight years. There was no dispute about its title unless a few years ago when there was some talk of his selling the farm the expected purchaser raised some question, no doubt because of the ambiguous terms of the deed, and demanded that James E. Williams sign the deed. At that time he is thought to have demanded some $3,000.00 for his interest in the land or at least before he signed the deed. There was no attack upon the deed and no disturbance of the possession of the defendant, J. B. Williams, in any way. He enjoyed the full fruits of the farm during a period of over forty-five years and then by his last will and testament disposed of it, requiring it to be sold and authorizing his wife, Georgia Williams, to make a deed to the purchaser. Evidently, he considered himself the sole owner. James E. Williams never sought to disturb the possession of his grandfather and, although there was some feeling in the family arising out of the custody of the plaintiff when a child, yet the grandfather when he came to make

his will provided a legacy for this same grandchild. The record appears to show that he was a just man who sought to do what was right as to his children."

In a supplemental brief, counsel for the appellants refers us to the recent case of McCreary v. Sizemore, Ky., 247 S.W.2d 223, 225. In that case the wife was held to be a joint owner with her husband under certain deeds where she was not only named in the captions thereof, but, in addition, the granting and habendum clauses of the instruments referred to employed the words, "party of the second part their heirs and assigns", and we held this to signify that more than one grantee was intended.

Since we concur in the conclusion reached by the chancellor, the judgment is affirmed.