J. M. COLEMAN et al., Appellant,

v.

REPUBLIC STEEL CORPORATION,
Appellee.

and

REPUBLIC STEEL CORPORATION,
Appellant,

v.

Julian SANDERS et al., Appellee.

Court of Appeals of Kentucky.

May 27, 1955.

Hobson & Scott, Pikeville, for Republic Steel Corporation.

Francis M. Burke, Pikeville, for J. M. Coleman, and others.

F. M. Burke, Henry D. Stratton, Pikeville, for Julian Sanders, and others.

MOREMEN, Judge.

These two cases, consolidated by order of the lower court, contest the title to the minerals on a tract of land in Pike County, more particularly located on the Big Right Hand Fork of Harless Creek.

A summary of the history of the ownership of this tract may aid in the decision of both cases.

In 1880, John Coleman owned practically all the land on the left ascending side of

Harless Creek and Hammond Coleman owned nearly all the land on the right ascending side. In that year John Coleman purchased from one Dils all the land claimed by the latter on this creek under a blanket patent of date 1872.

Some time thereafter John Coleman by parol gave the portion of the Dils land lying on the right side of Harless Creek to his son-in-law and daughter, Hammond and Melvina Coleman.

The principal part of this tract of land which is in dispute in the Coleman case lies on the right ascending side of the Big Right Hand Fork. A small portion of this tract extends across the Big Right Hand Fork and lies on the left ascending side of that fork and it is the subject of a cross-appeal in the Sanders case.

It is not clear from the record when the parol gift of this property from John to Hammond Coleman took place.

On November 18, 1884, by deed, Hammond Coleman and wife conveyed to David Coleman for life, with remainder to his bodily heirs, all "the land that we own" on the right-hand side of Harless Creek. On November 23, 1886, Hammond Coleman and wife, by a more definite description, conveyed the same property by deed to the said David Coleman for life, with remainder to his bodily heirs.

In 1887, a buyer for a mineral company appeared on the scene and on May 11, 1887, Hammond Coleman and wife conveyed to one F. A. Stratton all the coal and minerals on the property lying on the left ascending side of the Big Right Hand Fork. On the same day, Hammond and wife executed a surface deed to the same area described above to David Coleman for life, with remainder to his bodily heirs.

The above two deeds describe a tract located within the bounds of the two patents referred to as the Plymale patents (purchased by Hammond in 1887) and also a small area on the east of the Plymale land, which was a part of the Dils land and is the main area in dispute in the Sanders case.

On December 9, 1887, David Coleman and wife, John Coleman and Hammond Coleman and wife deeded the minerals to a large boundary of land on the right-hand side of the Big Right Hand Fork to the Virginia Mining & Improvement Co. This tract includes the portion of the Dils land which is in dispute in the Coleman case. On the same day John Coleman and Hammond Coleman and wife conveyed the surface of the same tract to David Coleman for life, with remainder to his bodily heirs. The mineral deed of 1887 to the Virginia Mining & Improvement Co. reads in part:

"The said Hammond Coleman and wife Melvina Coleman having on the 23rd day of November 1886, conveyed said land to David Coleman during his life and then to his heirs, which deed was made and lodged for record without the knowledge or consent of David and the *title not being in said Hammond and wife,* the said David refused to accept said deed. The said John Coleman Sr. in whom the legal title to said land lay now joins in this conveyance to the said Virginia Mining and Improvement Company and says that the deed aforesaid was made without his knowledge or consent to the said David Coleman." (Italics ours.)

With this complicated "chain of title" before us, we turn to a discussion of each of the cases.

### The Coleman Case

On June 13, 1947, Republic Steel Corporation, appellee here, filed suit asserting title to the minerals of that property on the right ascending side of the Big Right Hand Fork under the December 9, 1887 deed to the Virginia Mining & Improvement Co. and asking for injunctive relief and $84,000 damages. A motion for a temporary injunction was denied.

The court below held that where the land and minerals on the right ascending side of the Big Right Hand Fork were in dispute, John Coleman was the common source of title of all parties. Further, the

court held, and we think correctly, that the parol gift of the property by John Coleman to Hammond Coleman, not being evidenced by a writing, was ineffective to pass title to the latter. This being so, Hammond Coleman could not pass title to this tract to David Coleman in the 1886 deed under which appellants claim. Therefore, when John Coleman joined in the 1887 deed as grantor and conveyed the minerals on this property in dispute to appellee Republic's remote grantor, it was effective to transfer the minerals to the latter.

■ The appellants first argue that the Dils patent was void and that the deed from Dils to John Coleman lacked the certainty requisite to define an area of land. The lower court correctly held that since both parties claim under a common source, the validity or invalidity of the Dils patent—which antedated the common source—was immaterial. Where each party claims under a common source, each is estopped to attack the title antedating the common source. May v. Chesapeake & O. Ry. Co., 184 Ky. 493, 212 S.W. 131. The lower court held the Dils patent to be void, but treated this fact as being immaterial to the decision. In this we concur.

The appellants next argue that title to the land must necessarily be based on adverse possession, but this argument presupposes that John Coleman's title rested on a void patent. As we said above, each party is estopped to attack the title of the common source—in this case John Coleman's title.

■ Appellants next insist that since the deeds of 1884 and 1886 were to "David Coleman for his life with remainder to his bodily heirs," David Coleman could do no act destructive to the title of the infant and unborn children as remaindermen. This is quite true, but the deeds of Hammond Coleman of 1884 and 1886 did not convey the area in dispute, as title to it remained in John Coleman. The recital in the 1887 mineral deed to Republic's remote grantor by John Coleman was effective to revoke the parol gift of the property and appellants concede this point. Louisville Trust Co. v. National Bank of Kentucky, 6 Cir., 102 F.2d 137.

■ Appellants further argue that Republic is estopped by laches from asserting title to the minerals by reason of the latter's knowledge, through its superintendent, that appellants had been mining coal on the Big Right Hand Fork since 1943. Barrowman Coal Corporation v. Kentland Coal & Coke Co., 302 Ky. 803, 196 S.W.2d 428, is cited in support of this contention. In that case the lessee was estopped to reassert a lease after once abandoning it. Here we have title to minerals in issue. Republic's motion for a temporary injunction at the beginning of this litigation was denied. We believe, after considering the record, that a case of estoppel is not made out. Empire Coal Mining Co. v. Empire Coal Co., 183 Ky. 699, 210 S.W. 474. When legal title to real property is at stake, something more than the mere silence of the person sought to be estopped must be proved. Saylor v. Kentucky-Cardinal Coal Corporation, 205 Ky. 724, 266 S.W. 388, 50 A.L.R. 666; 19 Am.Jur. § 49. Estoppel.

### The Sanders Case

In December 1947, Republic (appellant in this case) filed suit against the appellees to enjoin their mining operations, asserting title to the minerals on the left ascending side of the Big Right Hand Fork, and asking damages of $24,000.

All parties claim through Hammond Coleman—Republic claims under the mineral deed to Stratton of May 1887, and the appellees under the 1884 and 1886 deeds to David Coleman.

The tract in dispute lies within the area conveyed by Hammond Coleman in 1884 and 1886 to David Coleman, except a small portion at the head of the Big Right Hand Fork, which was originally a part of the Dils land to which Hammond Coleman never acquired paper title.

The lower court held that the 1884 deed from Hammond Coleman to David Cole-

man, with the remainder to his bodily heirs, was effective to pass title in fee to the latter to all that tract of land on the left ascending side of the Big Right Hand Fork which lies within the bounds of the Plymale patents. The small portion to the east of this tract, which was a part of the Dils land given by parol to Hammond by John Coleman, was adjudged to the appellant, Republic Steel.

From this judgment Republic has appealed and a cross-appeal is prosecuted by Eary Adkins, the party who claims the "Dils land" at the extreme head of the Big Right Hand Fork. Republic asserts as it did at the trial level, that Hammond Coleman did not own the tract of land lying within the Plymale patents at the time of the conveyances to David Coleman and his heirs in 1884 and 1886 by reason of litigation occurring during 1883–1886 involving this land. To support its contention, Republic relies upon the case of Daniel Miller & Co. v. H. Coleman pending in the Pike Circuit Court and upon a transcript filed in that record from the Federal District Court where Daniel Miller & Co. had obtained a judgment and execution and where Hammond Coleman had surrendered the Plymale lands, and there was a subsequent sale pursuant to that execution. As was held by the chancellor, in a well-considered opinion, the appellant failed to show any deed by which title to this land was transferred from Hammond Coleman, and moreover the above suit had been dismissed after proper tender by Hammond Coleman.

■ Too, Republic asserts that Hammond Coleman, by giving a title bond (which is mentioned in the surrender to the marshal) did not treat the Plymale lands as being owned by him in the 1884 and 1886 deeds to David Coleman. In answer to this contention, we call attention to Coleman v. Bowles' Adm'r, 56 S.W. 651, 22 Ky. Law Rep. 15, wherein this court held that the title bond (the same as is asserted by appellant) was ineffective to impress a trust on the property in favor of one Bowles. Therefore, Republic's contention that Hammond Coleman did not treat the Plymale land as being owned by him by reason of the title bond has little substance. Moreover, the trial court held these steps were not sufficient to divest Hammond Coleman of title to such land, and with this we agree. Therefore, when Hammond Coleman and wife conveyed all "the land that we own" on the right-hand side of Harless Creek to David Coleman and his heirs, the grant included the area lying within the Plymale patents.

Republic next contends that both it and the appellees hold under a common source through the 1887 deeds of Hammond Coleman. It is true that both parties claim under Hammond Coleman but the appellees claim under the prior deeds executed in the year 1884 and 1886 by Hammond and not the 1887 deeds as Republic contends.

■ . On the cross-appeal Eary Adkins asserts that the lower court erred in adjudging Republic to be the owner of the portion of the land which lies at the extreme head of the Big Right Hand Fork and which was originally a part of the Dils land. Adkins claims that John Coleman, in whom title rested in 1884, never made a written conveyance of this portion of the Dils land to anyone and that since David Coleman took possession under the 1886 deed from Hammond, an adverse claim has been perfected to this area. The answer to this is that the 1886 deed from Hammond to David did not by its description encompass the land claimed by Adkins, and could not support a claim based on adverse possession. Gatliff Coal Co. v. Lawson, Ky., 247 S.W.2d 375; Shepherd v. Morgan, Ky., 246 S.W.2d 131; Lipps v. Turner, 164 Ky. 626, 176 S.W. 42. Therefore Adkins' only claim to this particular area of land must come through the 1887 surface deed to David Coleman, which included the Dils' land at the head of the fork. This leaves Adkins' adverse claim derived from the 1887 surface deed. It is well settled that once minerals have been severed, a claim of adverse possession may not properly arise from surface use alone for the statutory period. Therefore the lower court was correct in adjudging the minerals.

on this land to be Republic's under the mineral deed of 1887.

Adkins also argues that Republic should be estopped to assert title to the minerals on this tract by reason of the fact that Republic, through its agents, knew that Adkins had been mining coal from the premises since 1944, yet suit was not filed by Republic until December 1947. Too, Adkins points out that in 1946, he, Adkins, was sued by one Williams on an option to purchase and that, though Republic was named a defendant, it did no more to defend the suit than file a demurrer. Reliance is again placed on the Barrowman Coal case, but again it has no application and, for the reasons above set out in discussing the estoppel question in the accompanying case, estoppel does not apply to this one.

The damage question in both cases was expressly reserved by the trial court. Wherefore, the appeal in each case is affirmed, as is the cross-appeal in the Sanders case.